UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X     12 CIV 4635 (DLC)
Kevin Watkins,

                              Plaintiff,

                                                                                                **FIRST FEDERAL**
                                                                        **COMPLAINT**
                    -against-                                                 Jury Trial Demanded

Derek Smith, Adriane Eisen, Bryan S. Arce, William K.
Phillips, Ismail S. Sekendiz, Laurie E. Morrison, Zafer A.
Akin, Marjorie Mesidor, Derek T. Smith Law Group, P.C.,
Arce Law Group, PC, Phillips & Phillips, and Jessica Dugue

                              Defendants.
---------------------------------------------------------------------------X

       The Plaintiff, Kevin Watkins, by his attorneys, for his first complaint pled to the federal standard against the defendants, alleges the following:

## Introduction

       This action arises out the illegal actions taken by the defendants in furtherance of an long-running, ongoing extortion scheme and the conspiracy of the defendants to use illegal acts to harm the plaintiff's Equal Employment Opportunity Commission representation business and reduce competition in marketplace. After having targeted plaintiff over a period of months, defendants sent an imposter posing as a customer to trick plaintiff into making statements that could be construed to be sexually harassing. After recording statements out of context, the defendants then edited the recording to create the false impression that plaintiff had engaged in sexual harassment, or simply when taken out off context are designed to embarrass and humiliate plaintiff. Thereafter, the defendants sent an extortionate demand including out of context edited statements to plaintiff demanding that he contact defendants to "settle" within 7 days. It was made clear that failure to "settle" would result in the public disclosure of the embarrassing falsified statements. In addition, defendants falsely claimed that plaintiff was charging a fee for representation before the Unemployment Insurance Appeals Board without having first won the case which is a crime under New York law.

## Jurisdiction

       1. This Court has jurisdiction over this action under 28 U.S.C. Sections 1331. The matters in controversy arise under 15 U.S.C. Section 1, et seq, and 18 U.S.C. Section 1962, et seq, and the court has pendant jurisdiction over the related state law matters.

2. Venue properly lies in this District pursuant to 28 U.S.C. Section 1391(b)(2), because the events giving rise to this cause of action occurred in New York City, New York.

Parties

3. The parties are all over the age of 18 years.

4. Plaintiff Kevin Watkins, whose business address is 244 5th Avenue Ste 2950, New York, NY 10001, is an individual authorized to provide services to the public including representation of claimants with discrimination complaints before the Unemployment Insurance Appeal Board, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board.

5. Defendant Derek Smith, whose business address is 30 Broad Street, 35th Floor, New York, NY 10004, is an individual authorized to provide services to the public including representation of claimants with discrimination complaints before the Unemployment Insurance Appeal Board, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board.

6. Defendant Adriane Eisen, whose business address is 30 Broad Street, 35th Floor, New York, NY 10004, is an individual authorized to provide services to the public including representation of claimants with discrimination complaints before the Unemployment Insurance Appeal Board, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board.

7. Defendant Bryan S. Arce, whose business address is 30 Broad Street, 35th Floor, New York, NY 10004, is an individual authorized to provide services to the public including representation of claimants with discrimination complaints before the Unemployment Insurance Appeal Board, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board.

8. Defendant William K. Phillips, whose business address is 30 Broad Street, 35th Floor, New York, NY 10004, is an individual authorized to provide services to the public including representation of claimants with discrimination complaints before the Unemployment Insurance Appeal Board, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board.

9. Defendant Ismail S. Sekendiz, whose business address is 30 Broad Street, 35th Floor, New York, NY 10004, is an individual authorized to provide services to the public including representation of claimants with discrimination complaints before the Unemployment Insurance

Appeal Board, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board.

10. Defendant Laurie E. Morrison, whose business address is 30 Broad Street, 35th Floor, New York, NY 10004, is an individual authorized to provide services to the public including representation of claimants with discrimination complaints before the Unemployment Insurance Appeal Board, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board.

11. Defendant Zafer A. Akin, whose business address is 30 Broad Street, 35th Floor, New York, NY 10004, is an individual authorized to provide services to the public including representation of claimants with discrimination complaints before the Unemployment Insurance Appeal Board, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board.

12. Defendant Marjorie Mesidor, whose business address is 30 Broad Street, 35th Floor, New York, NY 10004, is an individual authorized to provide services to the public including representation of claimants with discrimination complaints before the Unemployment Insurance Appeal Board, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board.

13. Defendant Derek T. Smith Law Group, P.C., whose business address is 30 Broad Street, 35th Floor, New York, NY 10004, is an corporation authorized to provide services to the public including representation of claimants with discrimination complaints before the Unemployment Insurance Appeal Board, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board.

14. Defendant Arce Law Group, P.C., whose business address is 30 Broad Street, 35th Floor, New York, NY 10004, is an corporation authorized to provide services to the public including representation of claimants with discrimination complaints before the Unemployment Insurance Appeal Board, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board.

15. Defendant Phillips & Phillips, whose business address is 30 Broad Street, 35th Floor, New York, NY 10004, is a partnership authorized to provide services to the public including representation of claimants with discrimination complaints before the Unemployment Insurance Appeal Board, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board.

16. Defendant Jessica Dugue, who resides in the Southern District of New York is an individual who is, upon information and belief, employed by the other defendants as an imposter

who is sent to fabricate false sexual claims against individuals and businesses targeted by her employers for extortion demands or other unfair business practices.

17. Upon information and belief, all of the defendants work together in the same office and as a single interrelated enterprise. With the exception of defendant Dugue, all of the defendants are attorneys and subject to the disciplinary rules and owe the plaintiff a duty to uphold and follow the dictates of the rules of professional responsibility (DR- 1-102 A (3), (4), (5), (6)).

## Facts

18. Upon information and belief, on or before August 1, 2010, defendant attorneys began to place advertising on the internet under the key word "Unemployment" despite not offering or planning to offer unemployment representation services.

19. Upon information and belief, the sole purpose the defendant attorneys used the Unemployment keyword was to suppress plaintiff's business.

20. Upon information and belief, on or before November 1, 2010, defendants began paying imposters to call plaintiff's office posing as prospective clients and make appointments and then not appear for the appointments causing plaintiff to lose clients who otherwise would have filled the appointments.

21. Upon information and belief, on or before December 1, 2010, defendants began paying imposters to pose as prospective clients, make appointments with plaintiff, appear for the appointment to meet with plaintiff's other clients in the waiting area, and then leave without keeping the appointment or after providing long drawn out scenarios later proven to be false. Upon information and belief, that through one of these meetings defendant attorneys were able to get the contact information of one or more of plaintiff's clients (including Alexander Guerrieri).

22. Upon information and belief, for at least the last 3 years, the defendant attorneys have met every month to target businesses for lawsuits. Attorney defendants engage their targets by sending imposters to pose as job applicants, prospective clients, or other persons with legitimate business with the target.

23. Upon information and belief, these imposters, have been instructed by the lawyers to use various methods to entice the targeted small business owners and trick them into making recorded statements of a sexual nature that the attorneys later edit for use as extortion demands.

24. Upon information and belief, these methods include asking for later and after hours appointments, asking targets out for dinner, asking targets for rides home, asking targets for sex

in lieu of payment, and by accusing targets of being homosexual for not responding to the imposter's sexual requests.

25. Upon information and belief, after returning the recordings to attorney defendant's office the defendant edit the recordings to create embarrassing out of context statements that the defendants include in a threat, accompanied by a facially insufficient "draft complaint" including embarrassing excerpts of the target's statements, to publicly expose the target unless the target contacts the defendants to "discuss settlement" in less than 7 days.

26. Upon information and belief, the imposters, are reused for multiple targets on an ongoing basis and act under the control and direction of the defendant attorneys.

27. Upon information and belief, on or before January 1, 2012, all of the defendants met to discuss and plan their targets for the month. Upon information and belief, the defendants targeted the plaintiff ahead of other targets. Upon information and belief, the defendants agreed to target plaintiff as a way of stopping him from competing with them for their small number of legitimate clients in the marketplace.

28. Upon information and belief, on or before January 31, 2012, defendant Dugue, one of the imposters, was instructed by the other defendants to contact plaintiff's office and make an appointment.

29. On February 2, 2012, defendant Dugue arrived for her appointment at 5:30pm without all of the documents needed to evaluate her case. Upon information and belief, as instructed by attorney defendants, defendant Dugue returned 4 hours later with falsified unemployment papers (on the pretext that it took her that much time to get to 105th Street in Manhattan from 27th Street in Manhattan) after all other clients had left and after making sure plaintiff would wait for her.

30. Upon information and belief, attorney defendants instructed defendant Dugue to engage in sexual innuendo and flirtation with plaintiff and to request gifts and favors.

31. Defendant Dugue retained plaintiff to represent her before the Unemployment Insurance Appeal Board and agreed to pay a retainer for another matter.

32. Plaintiff appeared at defendant Dugue's unemployment hearing on February 6, 2012 at 8:45 AM, but defendant Dugue did not appear and the case was defaulted by the judge. Plaintiff was later notified by the UAIB that defendant Dugue arrived at the hearing location an hour late. Defendant Dugue did not attempt to contact plaintiff until 8:30PM when she left a message stating that she had been at the hospital all day for her child.

33. Plaintiff returned her call and set up an appointment for defendant Dugue to bring proof of her reason for not appearing at the hearing so that he could reopen the case. Defendant Dugue did not make either the first nor second appointment. Each time she tried to come in after hours, but was told that plaintiff was not available after hours on those days. On February 13, 2012, after defendant Dugue missed the second appointment with him regarding the reopening, plaintiff noticed his withdrawal to the UIAB in writing and to all parties.

34. On or about February 16, more than ten days after the missed hearing and ten days after the due date for the other matter's retainer, Ms. Dugue arrived in plaintiff's office after hours to present documentation of her reason for missing the unemployment hearing. Her documentation did not mention her by name, and additionally showed that she was at the hospital all day on the 6th and therefore it contradicted the Appeal Board's own building entry records showing her arrival at 9:45 AM.

35. Plaintiff steadfastly refused to reopen defendant Dugue's case and reenter an appearance. He offered to help her proceed pro se, but would not under any circumstances represent her in front of the UAIB again.

36. Upon information and belief, as instructed by the attorney defendants, Defendant Dugue attempted to barter phone answering services and sexual favors in lieu of payment of the plaintiff's retainer, and insinuated that he was gay if he refused her offer. However, she admitted that she was not sure she would be available to answer the plaintiff's phone during business hours and she did not have a cell phone plan that would allow her to take forwarded calls. She also complained that the plaintiff was "only about money."

37. Defendant Dugue then started boasting about her expensive clothing, including an $800 coat, $200 jeans, and $2000 boots. The plaintiff responded that she should pawn the coat and pay his retainer before offering to walk her to the subway.

38. Defendant Dugue then balked at being walked to the subway and demanded that plaintiff drive her home.

39. Upon information and belief, defendant Dugue returned to the attorney defendants' office on or after the next day and met with all of the defendants to review the tape she made of the plaintiff.

40. Upon information and belief, the defendants' strategy is to wait a few months for the target to forget details of the encounter with the imposter and lose track of exculpatory materials.

41. Upon information and belief, on or about, April 1, 2012, defendant attorneys contacted plaintiff's client Alexander Guerrieri and began to scare him and offer him incentives to break his contract with plaintiff.

42. On or about May 14, 2012 plaintiff withdrew from his client Alexander Guerrieri's Merit Systems Protection Board case after being accused of being in league with the government defendants in the Merit Systems Protection Board case. Thereafter, Alexander Guerrieri informed plaintiff that attorney defendants Smith and Eisen were his new attorneys.

43. Plaintiff called the law office of Derek Smith and was able to confirm that they knew the client Alexander Guerrieri. Plaintiff notified the Merit Systems Protection Board of Alexander Guerrieri's new attorneys and copied the firm of attorney defendant Smith via FAX.

44. Thereafter, plaintiff received a message from attorney defendant Eisen stating that Alexander Guerrieri had spoken to her, but was not a client, and that she would send plaintiff a copy of her letter to the Merit Systems Protection Board to that effect.

45. On or about May 16, plaintiff received a Fed Ex envelope from attorney defendant Eisen but did not open it immediately as he assumed it was the letter to the Merit Systems Protection Board regarding Alexander Guerrieri.

46. Later he received a letter from attorney defendant Eisen regarding Alexander Guerrieri via regular mail informing the Merit Systems Protection Board that she was not representing him.

47. Plaintiff opened the Fed Ex envelope and found an official looking threat letter from attorney defendant William Smith signed by attorney defendant Eisen, demanding "settlement" of defendant Dugue's alleged claims, under threat of public exposure of the false and embarrassing claims if plaintiff did not comply by May 25, 2012 (right before Memorial Day weekend and less than 7 business days from the date of receipt and 5 days from its opening). The document was using a facility in interstate commerce in New Jersey before it was delivered to plaintiff in New York.

48. The "Draft Complaint" accompanying the threat letter had no basis in law or fact and upon information and belief, was solely a threat to disclose embarrassing information and never intended to actually state a valid claim.

49. On May 25, 2012, the plaintiff and his attorney responded to defendants' extortionate demand by serving the defendants with this action for damages.

**As for a First Cause of Action- RICO 18 USC 1962(c) and (d)**

50. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. Upon information and belief, the defendants all operated an association in fact to commit extortion, as a regular way of doing business, upon approximately 50 to 100 targets each month:

52. Predicate acts:
(a) Felony Extortion- (New York Law Penal Law sec. 155.05)
Defendants, operating through attorney defendant Eisen, sent a threat letter on or about May 16th with the purpose to compel plaintiff to deliver property to the defendants on or before May 25th, by means of instilling fear that if the property was not delivered that defendants would
(iv) accuse plaintiff of the crime of accepting an unemployment fee from a client without winning the case as barred by New York law; (v) expose a secret or publicize an asserted fact- here the contents of the audio tape, both true (embarrassing silly banter) and false (the doctored edits meant to mislead, tending to subject plaintiff to hatred, contempt or ridicule; (ix) perform any other act, the filing of a frivolous, unsupported harassment lawsuit, which would not in itself materially benefit the defendants but which is calculated to harm the plaintiff materially with respect to his health, safety, business, calling, career, financial condition, reputation or personal relationships.

(b) Felony Extortion- Federal Law (18 U.S.C. 875-877, 18 U.S.C. 1952)
(i) The defendants transmitted the threat letter in interstate commerce via Federal Express and caused the threat letter to travel into New Jersey before returning to New York to be delivered to plaintiff.
(ii) Upon information and belief, the defendants intended to extort the plaintiff by use of the threat letter.
(iii) The threat letter included a threat to accuse the plaintiff of a crime under New York law, and threatened to ruin his reputation.
(iv) The threat letter was written under the color of official right as the attorney defendants are all officers of the New York State Courts.

(v) The misrepresentations contained in the letter and attachment the defendants sent plaintiff constituted fraud and as they were sent in interstate commerce they constitute fraud under federal law.

53. The defendants acts affect the interstate commerce both within and without the state of New York, New Jersey, Connecticut, and Pennsylvania by increasing the costs of doing business in this area and by financially destroying small and medium sized business owners who were not in violation of the law.

**As for a Second Cause of Action-Antitrust (15 USC Sec. 1)**

54. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. Plaintiff is an authorized representative of discrimination complainants before the Equal Employment Opportunity Commission and Merit Systems Protection Board in the New York Metro market area which includes New York, and commuting areas in New Jersey, Connecticut, and Pennsylvania. Attorney defendants provide the same services in the same market.

56. The defendant attorneys are grouped into three separate legal entities: Derek Smith, Phillips & Phillips, and Brian Arce, PC.

57. These three entities, and the attorney defendants within them, meet to select competitors to eliminate and attack with unethical and criminal tactics.

58. The defendant attorney's use of extortion to suppress competition is an unfair business practice that reduces competition in the marketplace. The use of imposters, contacts with plaintiff's clients to interfere with plaintiff's contractual relationships, fraud, and an extortion scheme were all intended to drive away plaintiff as a competitor.

**As for a Third Cause of Action- Tortious Interference with Contract**

59. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. Upon information and belief, the defendant attorneys have used their enterprise as discussed above to send imposters to plaintiffs office to block plaintiff from carrying out his business and vocation, and to interfere with his relationship with his clients and prospective clients.

61. Upon information and belief, at some point plaintiff's client Alexander Guerrieri was contacted by the defendant attorneys or their agents and induced to break his contract with plaintiff by forcing plaintiff to withdraw as his representative.

62. Plaintiff and Alexander Guerrieri had a valid and enforceable contractual relationship. Upon information and belief, the defendant attorneys were aware of this relationship. The defendant attorneys intentionally and unjustifiably induced Alexander Guerrieri to breach the contract causing plaintiff lost fees and damage to his reputation before the Equal Employment Opportunity Commission and Merit Systems Protection Board.

63. Upon information and belief, defendants have interfered with the contractual relationships of other clients of plaintiff, as well.

**As for a Fourth Cause of Action- Tortious Interference with Prospective Economic Advantage**

64. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. The defendants interfered with plaintiff's prospective economic advantage because:

(1) Plaintiff had a reasonable expectation of entering into a valid business relationship with prospective clients who arrived at his office;
(2) The defendant's knew of the plaintiff's expectancy;
(3) There was purposeful interference by the defendant that prevented the plaintiff's legitimate expectancy from ripening into a valid business relationship; and
(4) Damages to the plaintiff resulted from such interference in the form of lost fees.

**As for a Fifth Cause of Action- Libel**

66. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. Defendants wrote the following statements in the threat letter:
"Plaintiff stopped receiving unemployment insurance benefits from the State of New York and went to Defendants to seek representation."
"Defendant Watkins offered Plaintiff a job in order to pay off 'the debt' she would owe him from the hearing."
"Plaintiff had an emergency and could not attend the hearing."

"On or about February 16, 2012, Plaintiff went to Defendant Watkin's office. In response to Defendant Watkins' offer to Plaintiff to pay off 'the debt' she owed him from the hearing…"

[Further false statements in the threat letter are too scandalous and salacious to print here and will be submitted to the court under seal.]

68. These statements are untrue and false. They falsely allege a criminal act by plaintiff. The defendants all knew the statements were false when they were made.

69. The statements were published by and between attorney defendants in the planning of the threat letter before being published through interstate commerce.

70. The intent of the defendants in publishing these statements was to cause plaintiff injury.

**As for a Sixth Cause of Action- Intentional Infliction of Emotional Harm**

71. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. With the exception of defendant Dugue, all of the defendants are attorneys and subject to the disciplinary rules and owe the plaintiff a duty to uphold and follow the dictates of the rules of professional responsibility (DR- 1-102 A (3), (4), (5), (6)).

73. Defendants, by the actions described herein, exhibited extreme and outrageous conduct.

74. In undertaking the aforementioned actions, defendants intended to cause plaintiff severe emotional distress.

75. The aforementioned conduct has caused plaintiff severe emotional distress and mental anguish.

76. As a proximate cause of defendants' acts and omissions, plaintiff has in the past and will in the future suffer damages.

**Wherefore**, plaintiff demands judgment against the defendants as follows:

1. Preliminary and permanent injunctions against defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, criminal acts, policies, and customs set forth herein;

2. All damages which plaintiff has sustained as a result of defendants' conduct including for lost income, lost business opportunity, emotional distress, humiliation, embarrassment, and anguis;

3. Exemplary and punitive damages in an amount commensurate with defendants' ability and so as to deter future malicious, reckless and/ or intentional conduct;

4. Treble damages as allowed by 18 U.S.C. Section 1962 et seq

5. Treble damages as allowed by 15 U.S.C. Section 1, et seq.

6. Awarding plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fess and other costs;

7. Pre-judgment and post-judgment interest as provided by law; and

8. Granting plaintiff other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands and trial by jury in this action.

Dated:  July 27, 2012
Brooklyn, NY

                                               Respectfully Submitted,
                                               /s/ Andre Soleil, Esq. (ARS7740)
                                               A.R. Soleil & Company, P.C.
                                               32 Court Street, Suite 1107
                                               Brooklyn, NY  11201