UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X    12 CIV 4635 (DLC)
Kevin Watkins,

                              Plaintiff,                              Motion to Disqualify Judge

       -against-

Derek Smith, et al.
                              Defendants.

-----------------------------------------------------------------------X

                Affidavit in Support of Motion to Disqualify Judge

State of New York    )
County of New York )

I, Anil Taneja, Esq., being duly sworn, depose and say:

      1.      I am the counsel for plaintiff in this action and make this affidavit in support of plaintiff's motion to disqualify judge.

      2.      I have reason to believe that the Honorable Denise Cote has personal bias or prejudice against Kevin Watkins and for the defendants based on the following facts:

      3.      On August 20, 2012, the court clerk entered a Certificate of Default against all of the defendants. In response, the defendants contacted Petitioner's counsel and chambers to falsely accuse the Petitioner of having tricked the court clerk into entering the default under FRCP Rule 15(a)(3) (requiring a response to amended complaints within 14 days rather than the 30 day limit the defendants created for themselves). They filed motions for sanctions against Petitioner and his counsel and motions to vacate the defaults.

      4.      During this period the defendants began to threaten Petitioner's counsel by overtly stating that Judge Cote's law clerk, identified by defendants' counsel as Ms. Hughes, was going to warn them about the consequences of having "tricked" the court clerk into following FRCP Rule 15. This included an email from defendants' counsel stating that Ms Hughes had set up a telephone conference (Ex. A).

    a)  The defendants' counsel left voice messages implying that the conference was to "correct" Petitioner's behavior. There was substantial contact between the defendants' counsel and the law clerk, as was told to us by defense counsel (Ex. A), including a "decision" by the law clerk on the very merits of this action and the propriety of the entry of the Clerk's Default by the District Court Clerk.

    b)  The defendants stated their contact as part of their threatened Rule 11 sanctions. They said that the law clerk was angry with Petitioner and his counsel for "tricking" the court clerk into entering the default. They further said that the law clerk was angry enough at Petitioner's counsel to "ruin [his] law license".

  5.  Within the first hours of her return from vacation, on September 4, 2012, the Judge Cote permanently granted the defendants' motions to vacate the default without a finding of excusable neglect, without explanation, and without allowing Petitioner an opportunity to respond despite the fact that Petitioner was still within the time allowed by rule to do so. The district court's action was completely devoid of any attempt at due process. The district court's order was based solely upon defendants' ex parte communications with chambers and defendants' motion papers.

  6.  On September 5, 2012, Petitoner filed a motion for a finding that defendants had violated the FRCP, the SDNY local and electronic filing rules. This motion was denied immediately on September 5, 2012. However, the District Court allowed the defendants' facially frivolous sanctions motions to continue briefing undisturbed.

  7.  On September 7, 2012, in an unrelated case in the Eastern District of New York, Judge Cogan sanctioned the associate (and an opposing counsel herein) of one of the defendant law firms for misrepresenting to the court that a former prostitute was an ingenue (Ex. B).

  8.  On or about September 15, 2012, defendants served Petitioner's counsel with a copy of a state court complaint against Petitioner setting forth a counterclaim mirroring their defense in the District Court action and matching the threat that prompted the Petitioner's filing of his action. The defendants' new state court complaint exactly matched the same common nucleus of operative fact as the issues the defendants had removed to the District Court in the

main action.

9.  On October 4, 2012, Petitioner filed a proposed order to show cause to disqualify defendants' counsel due to their blatant conflict of interest as defendants in the action before the court. In addition, it had become apparent that the defendants' counsel were not in contact with their fellow defendant, their operative, as they were unaware of her method of service and that the address they used for her was fictitious. In addition, they submitted affirmations stating her testimony not signed by her. Finally, in their response papers to our opposition, in which we noted that it was likely they did not have contact with their client/ operative, they did not deny that they were not in contact with her.

10. On October 4, 2012 the District Court denied the order to show cause. The District Court also filed a sua sponte order requiring Petitioner to refile the disqualification motion with a formal memorandum within 7 days while granting the defendants more than a month to respond.

11. On October 12, 2012, Petitioner refiled the disqualification application as a motion with a full memorandum of law demonstrating the blatant ethical violations of defendants and their counsel. Petitioner also filed a petition to remove the defendants' identical state court action to the District Court Dugue v. Watkins, 12 cv 07659 (DLC).

12. On October 16, 2012, the District Court sua sponte ruled that the defendants' motions to dismiss were fully submitted on October 5, 2012, and relieved the defendants of the duty to respond to the motion to disqualify altogether.

13. On October 19, 2012, the District Court accepted the cases as related and the petitioner filed a motion to dismiss the defendants' duplicate case or to consolidate the cases accompanied by a memorandum of law.

14. On October 23, 2012, Judge Barbara Jones, signing as Judge Cote, sua sponte stayed the motion to consolidate. Judge Barbara Jones again signing as Judge Cote also sua sponte issued an order to show cause why the defendants' duplicate case, accepted as related only four days earlier, should not be remanded instead of being decided with the original case removed by defendants in June.

15. The District Court's actions have encouraged the defendants to violate the criminal laws, the rules of ethics, the rules of procedure, and all local rules. With the District Court's apparent encouragement, opposing counsel committed perjury in affirming under oath that they had never seen the address (listed on this cases docket sheet) plaintiff used to mail the amended complaint. The address was not the result of clerk's error, but rather was submitted in writing and signed by him (Ex. C) little more than a year after his claim that he had never seen that address.

_____
Anil Taneja, Esq.

Subscribed and sworn to before me this 19th
day of November, 2012.

_____
Notary

MATTHEW THOMAS DIRUSSO
Notary Public - State of New York
NO. 01DI6252707
Qualified in Bronx County
My Commission Expires 12/12/15

Certificate of Counsel

I certify that the above affidavit in support of plaintiff's motion to disqualify judge was made in good faith and is filed pursuant to 28 U.S.C. §144.

_____/s/_____
Anil Taneja, Esq. (AT1760)
Attorney for Plaintiff
244 5TH Avenue, 2nd Floor
New York, NY 10001
(212) 592-4000