UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                          :
KEVIN WATKINS,                           :
                        Plaintiff,    :
                                             :     12 Civ. 4635 (DLC)
           -v-                  :
                                           :     <u>OPINION & ORDER</u>
DEREK SMITH; ADRIANE EISEN; BRYAN S.   :
ARCE; WILLIAM K. PHILLIPS; ISMAIL S.   :
SEKENDIZ; LAURIE E. MORRISON; ZAFER A.  :
AKIN; MARJORIE MESIDOR; DEREK T. SMITH  :
LAW GROUP, P.C.; ARCE LAW GROUP, PC;   :
PHILLIPS & PHILLIPS; and JESSICA DUGUE, :
                            Defendants.  :
                                           :
----------------------------------------X

Appearances:

For Plaintiff:
Anil Taneja, Esq.
244 5th Avenue, 2nd Floor
New York, New York 10001

Andre Ramon Soleil
Soleil & Co., P.C.
32 Court Street
Brooklyn, New York 11201

For "Eisen" Defendants:
Bryan S. Arce, Esq.
30 Broad Street, 35th Floor
New York, New York 10004

For "Phillips" Defendants:
Jesse C. Rose
The White Rose Group, LLC
8612 37th Avenue, 2nd Floor
Jackson Heights, New York 11372

DENISE COTE, District Judge:

Despite having been served with notice of the defendants' intent to move for Rule 11 sanctions, the plaintiff's attorneys persisted in suing five individual attorneys and a law firm without any basis to believe that they had participated in the events that precipitated this lawsuit. For the following reasons, sanctions are imposed on plaintiff's counsel.

This action was originally filed in state court, and was removed to this Court on June 13, 2012. The plaintiff Kevin Watkins ("Watkins") filed an amended complaint on July 27, 2012 in which he asserted two federal and four state law causes of action against the defendants. On August 22 and September 17 two groups of defendants moved for sanctions pursuant to Federal Rule of Civil Procedure 11 against the plaintiff for having filed a frivolous complaint and amended complaint. In an Opinion dated November 19, the plaintiff's federal claims were dismissed for failure to state a claim and this Court declined to exercise supplemental jurisdiction over the plaintiff's state law claims. Watkins v. Smith, 12 Civ. 4635, 2012 WL 5868395 (S.D.N.Y. Nov. 19, 2012) ("November 19 Opinion"). In their motions for sanctions, the defendants request that this Court direct the plaintiff and his counsel to pay the reasonable attorney's fees and expenses that the defendants incurred in opposing the plaintiff's complaints. For the reasons discussed

below, the defendants' request is granted in part and with respect to plaintiff's counsel.

BACKGROUND

The factual background to this lawsuit was addressed in the November 19 Opinion.  Familiarity with the November 19 Opinion is assumed and only the facts necessary to the Rule 11 sanctions inquiry are described here.

In this action, there are two groups of attorneys named as defendants.  In one group are defendants Derek Smith ("Smith"), Adriane Eisen ("Eisen"), Bryan S. Arce ("Arce"), Ismail S. Sekendiz ("Sekendiz"), Laurie E. Morrison ("Morrison"), Zafer A. Akin ("Akin"), Derek T. Smith Law Group, P.C., and Arce Law Group, PC (collectively the "Eisen Defendants").  The Eisen Defendants are represented in this action by Arce.  In another group are defendants William K. Phillips ("Phillips"), Marjorie Mesidor ("Mesidor"), and Phillips & Phillips (collectively the "Phillips Defendants").  The Phillips Defendants are represented by attorney Jesse Rose ("Rose").  The sole defendant who is not an attorney or law firm is Jessica Dugue ("Dugue").  She is represented in this action by attorney Arce.  The plaintiff Watkins is represented by attorneys Anil Taneja ("Taneja") and Andre Soleil ("Soleil").

The original complaint, filed in the state court on May 24, was signed by Taneja.  It was five pages long and asserted

claims against all of the defendants for 1) a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") violation under 18 U.S.C. § 1962; 2) a violation of the Sherman Antitrust Act; 3) libel; 4) unfair business practices; and 5) intentional infliction of emotional distress.[1]  Upon removal, the Phillips and Eisen Defendants filed a motion to dismiss and the plaintiff was given an opportunity to amend his complaint.  Taking this opportunity, the plaintiff filed an amended complaint on July 27, 2012.  The amended complaint was signed by Soleil.

The original complaint and amended complaint have a number of factual and legal similarities.  For example, both complaints allege that all of the defendants work together as a single interrelated operation.  Both complaints also allege that a woman named Dugue was hired by the defendant attorneys to fabricate claims of sexual harassment against the plaintiff. Furthermore, both complaints indicate that a letter offering to settle Dugue's claims against Watkins, sent by some of the defendants to the plaintiff in May 2012 ("Settlement Letter"), played a precipitating role in this lawsuit.

_____

[1] The pages of the original complaint are unnumbered.  The final page of the original complaint lists the five causes of action mentioned above.  Paragraphs nineteen through twenty-four allege facts relating to the alleged civil RICO violation.  With the exception of the request for relief appearing on the final page of the original complaint, the other four causes of action are mentioned nowhere in the complaint.

The amended complaint adds extensive allegations of wrongdoing.  The amended complaint alleges that the defendants have been engaged in a conspiracy to extort settlements out of victims like the plaintiff and to reduce competition in the plaintiff's field of work for at least the last three years.  It describes the plaintiff as engaged in the business of representing claimants with discrimination complaints before the Unemployment Insurance Appeal Board and other administrative agencies.  It alleges that the defendants have targeted fifty to one-hundred small businesses each month.  It also offers greater detail about the role of Dugue in the alleged conspiracy.  Specifically, the amended complaint contends that Dugue was hired to make an appointment with Watkins and pose as a prospective client.  She was directed by the defendants to trick the plaintiff into making statements of a sexual nature and to record those statements.  The defendants then allegedly edited the recording so that it could be used to extort a settlement from the plaintiff.  The amended complaint repeats the original complaint's allegation that in May of 2012 the plaintiff received a Settlement Letter.

Although the plaintiff did not attach the Settlement Letter to his complaint, the Eisen Defendants submitted it as an exhibit to their motions to dismiss the original and amended

complaints.   The Settlement Letter which is marked "***FOR

SETTLEMENT PURPOSES ONLY***" reads as follows:

> Dear Mr. Watkins,
>
> Please be advised that this office represents Ms.
> Dugue in connection with multiple claims against You,
> personally and your Company, CMH Services, for inter
> alia, Sexual Harassment and Gender Discrimination
> under New York State and New York City Law.  The
> enclosed draft complaint sets forth a detailed
> recitation of the facts and the causes of action for
> your review.
>
> This letter is being sent preliminary to filing the
> complaint in a good faith attempt to resolve this
> matter.
>
> Kindly contact me by 5pm, May 25, 2012, to discuss
> this matter.  If I do not hear from you or your legal
> counsel by then I shall assume you and your Office
> have no interest in discussing an amicable resolution,
> and we shall immediately thereafter file and serve the
> complaint.  Thank you for your cooperation in this
> regard.
>
> Sincerely yours,
> Derek T. Smith Law Group, P.C.
> Adriane S. Eisen, Esq.

The Settlement Letter, along with a draft complaint, was sent to

Watkins in a FedEx Envelope that listed Arce Law Group, P.C. as

the sender.

The amended complaint alleges six causes of action: 1)

civil RICO violations of 18 U.S.C. § 1962(c) and (d); 2) an

antitrust violation under 15 U.S.C. § 1; 3) tortious

interference with contract; 4) tortious interference with

prospective economic advantage; 5) libel; and 6) intentional infliction of emotional harm.

On July 30, the Eisen Defendants filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11.  The notice of motion indicated that it had been served on Taneja on July 30.  The means of service were not specified.  The following day, the Eisen Defendants filed a memorandum of law in support of their motion for sanctions.  Attached to the memorandum of law is a copy of a letter sent to Taneja on July 9, 2012 via first class mail.  The letter is styled as a Rule 11 "safe harbor" letter, and it requests that Taneja voluntarily withdraw the complaint against the Eisen Defendants.  Because the letter is dated July 9 -- almost three weeks before the amended complaint was filed and served -- it would appear to be directed to the original complaint.  The motion for sanctions, although submitted after the amended complaint was filed, also appears to be directed to the original complaint.  In an Order dated August 2, the Court denied the Eisen Defendants' July 30 motion for sanctions without prejudice to renewal at such time as the Eisen Defendants filed any motion to dismiss the amended complaint.

On August 22, the Phillips Defendants filed a motion for sanctions against the plaintiff and his counsel.  The notice of motion indicates that sanctions are being sought pursuant to

Rule 11 based on the filing of the May 24 complaint and the July
27 amended complaint.  To comply with Rule 11's safe harbor
requirements, the motion for sanctions was served first on the
plaintiff and Taneja on June 27, 2010 by Federal Express, and
again on Soleil on July 31.  The Phillips' motion for sanctions
contends that the plaintiff improperly joined the Phillips
Defendants in the action.  The motion argues that the Phillips
Defendants should not have been included in the lawsuit because
they are completely unconnected to the lawyers that represented
defendant Dugue with respect to her claims against Watkins.  The
motion points out that none of the allegations are
particularized as to the Phillips Defendants.  The motion also
protests that the plaintiff's causes of action for libel, unfair
business practices, intentional infliction of emotional
distress, civil RICO violations, and antitrust violations are
legally and factually deficient.  Taneja submitted an
affirmation in opposition to the Phillips Defendants' motion for
sanctions on September 7.  Taneja supplemented his submission on
September 10 with another affirmation and an exhibit which
consists of a memorandum decision and order from an unrelated
case.[2]  No opposition was filed by Soleil.  The Phillips
Defendants submitted a reply on September 17.

---

[2] The memorandum decision was issued in <u>Cajamarca v. Regal Entm't
Group and Otis Gadsen</u>, 11 Civ. 2780 (E.D.N.Y. August 31,

Consistent with the August 2 Order, the Eisen Defendants renewed their motion for sanctions by filing the motion on September 17.  The renewed motion for sanctions seeks sanctions "against Plaintiff for having filed such a frivolous Complaint and Amended Complaint."  The Notice of Motion and accompanying memorandum of law indicate that they were served on Taneja and Soleil by email on August 27.  The renewed motion makes roughly four points.  First, the Eisen Defendants argue that the entirety of the amended complaint was unsupported by existing law or a good faith argument for the extension, modification, or reversal of existing law.  Second, they argue that the amended complaint makes false factual allegations based solely on speculation or conjecture.  Third, the Eisen Defendants contend that the plaintiff failed to effectuate service on all of the Eisen Defendants with the exception of Eisen and Arce.  Lastly, the motion for sanctions protests the plaintiff's decision to sue defendants Smith, Morrison, Sekendiz, and Akin, who had no involvement in the underlying events that gave rise to the plaintiff's suit.

In an Order dated September 25, the Court stayed the motions for sanctions pending resolution of the defendants' motions to dismiss the amended complaint.  As noted above, the

---

2012)(BMC).  Attorneys representing the plaintiff in that case were sanctioned by the district court.

November 19 Opinion dismissed the plaintiff's federal claims in his amended complaint and declined to exercise supplemental jurisdiction over his state law claims.  The stay on the motions for sanctions was lifted on November 26 and briefing on the Eisen Defendants' September 17 motion for sanctions resumed. Taneja filed an affirmation in opposition to the motion for sanctions on December 14.  Soleil did not file any opposition. On December 27, the Eisen Defendants submitted their reply.  At no time has any party or counsel requested a hearing with respect to the motions for sanctions.

DISCUSSION

On the motion of a party or on its own, a court may impose appropriate sanctions on "any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation." Fed.R.Civ.P. 11(c)(1).  Rule 11(b) provides that

By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary
> support or, if specifically so identified, will
> likely have evidentiary support after a
> reasonable opportunity for further investigation
> or discovery . . . .

Fed.R.Civ.P. 11(b).

When Rule 11 sanctions are initiated by motion, the challenged papers are judged by a standard of objective unreasonableness.  ATSI Comm., Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 150 (2d Cir. 2009); see also In re Pennie & Edmonds LLP, 323 F.3d 86, 90 (2d Cir. 2003).  In other words, Rule 11 is violated if a pleading is submitted for "any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."  Kropelnicki, 290 F.3d 118, 131 (2d Cir. 2002) (citation omitted).  When a party's legal contentions are challenged as violating Rule 11, "[t]he operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify, or reverse the law as it stands."  Fishoff v. Coty Inc., 634 F.3d 647, 654 (2d Cir. 2011) (citation omitted); see also Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 177 (2d Cir. 2012).  With respect

to factual contentions contained in submissions to the court,
"sanctions may not be imposed unless a particular allegation is
utterly lacking in support." Storey v. Cello Holdings, LLC.,
347 F.3d 370, 388 (2d Cir. 2003)(citation omitted).
Furthermore, "an attorney is entitled to rely on his or her
client's statements as to factual claims when those statements
are objectively reasonable." Hadges v. Yonkers Racing Corp., 48
F.3d 1320, 1329 (2d Cir. 1995)(citation omitted).

It is well-established that "[d]ue process requires that
courts provide notice and opportunity to be heard before
imposing any kind of sanctions." Schlaifer Nance & Co., Inc. v.
Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999)(citation
omitted).  At a minimum, the notice requirement "mandates that
the subject of a sanctions motion be informed of (1) the source
of authority for the sanctions being considered; and (2) the
specific conduct or omission for which the sanctions are being
considered so that the subject of the sanctions motion can
prepare a defense." Id.  The moving party's Rule 11 motion
papers can satisfy the notice requirement and an opportunity to
submit written briefs in opposition to a Rule 11 motion can
constitute a sufficient opportunity to be heard.  See Margo v.
Weiss, 213 F.3d 55, 64 (2d Cir. 2000); Schlaifer Nance & Co.,
Inc., 194 F.3d at 335.  Although the Second Circuit favors oral
argument on Rule 11 sanctions motions, the district court has no

obligation to hold a hearing that has not been requested.

Margo, 213 F.3d at 64; Schlaifer Nance & Co., Inc., 194 F.3d at
335-36.

Additionally, when sanctions are imposed pursuant to a
motion of a party, the party seeking sanctions against another
party or its counsel must comply with the "safe harbor"
provision of Rule 11.  In particular, Rule 11(c)(2) provides
that

> A motion for sanctions must be made separately from
> any other motion and must describe the specific
> conduct that allegedly violates Rule 11(b).  The
> motion must be served under Rule 5, but it must not be
> filed or be presented to the court if the challenged
> paper, claim, defense, contention, or denial is
> withdrawn or appropriately corrected within 21 days
> after service or within another time the court sets.
> If warranted, the court may award to the prevailing
> party the reasonable expenses, including attorney's
> fees, incurred for the motion.

Fed.R.Civ.P. 11(c)(2).  The twenty-one day safe harbor period
provided by the Rule permits an attorney to withdraw or correct
faulty factual or legal contentions in order to avoid the
imposition of sanctions.  Hadges, 48 F.3d at 1327-28.  Because
the Rule states that the motion must be served under Rule 5
before it is filed with the court, "[a]n informal warning in the
form of a letter without service of a separate Rule 11 motion"
does not satisfy Rule 11's procedural requirements.  Star Mark
Mgmt., Inc., 682 F.3d at 175.  On the other hand, a party moving
for sanctions need not serve a "formal fully supported motion"

on the opposing party before filing the motion with the Court.
Id. at 176 (service of notice of motion along with informal safe
harbor letter was sufficient).  Because Rule 11(c)(2) is meant
to give the subject party twenty-one days to withdraw or correct
the offending document, the Second Circuit has held that where

> a defective complaint is dismissed and a party is
> granted leave to replead, the filing of an amended
> pleading resets the clock for compliance with the safe
> harbor requirements of Rule 11(c)(2) before a party
> aggrieved by the new filing can present a sanctions
> motion based on that pleading to the district court.

Lawrence v. Richman Group of CT LLC, 620 F.3d 153, 158 (2d Cir.
2010).

In the Second Circuit, Rule 11(c)(2)'s safe-harbor
provision is strictly enforced.  Star Mark Mgmt., Inc., 682 F.3d
at 175; see also Hadges, 48 F.3d at 1328-29.  Nonetheless, the
failure to follow the safe harbor provisions perfectly may be
excused where there is "no indication that [a party] would have
corrected or amended its frivolous arguments even had it been
given the opportunity."  Perpetual Sec., Inc. v. Tang, 290 F.3d
132, 142 (2d Cir. 2002).

Finally, given that this case was originally filed in state
court, it is important to consider that Rule 11 does not
ordinarily apply to pleadings filed in state court even if the
case is later removed to federal court.  See Tompkins v. Cyr,
202 F.3d 770, 787 (5th Cir. 2000); Edwards v. Gen. Motors Corp.,

153 F.3d 242, 245 (2d Cir. 1998); but see Buster v. Greisen, 104
F.3d 1186, 1190 n.4 (9th Cir. 1997).  Rule 11 may apply,
however, to a state court pleading when "a party urges in
federal court the allegations of a pleading filed in state
court."  Fed.R.Civ.P. 11 advisory committee notes, 1993
amendments.  Because the plaintiff's amended complaint, which
was filed in this Court, violated Rule 11, it is unnecessary to
determine whether the plaintiff and his counsel could be
separately sanctioned for urging in federal court the
allegations of the original complaint.

     The Eisen and Phillips Defendants are entitled to sanctions
against the plaintiff's counsel for filing a frivolous amended
complaint on July 27.  The amended complaint asserts claims
against certain defendants that are utterly lacking in
evidentiary support.

Safe Harbor Requirements

     The plaintiff has not asserted that the defendants failed
to comply in any respect with Rule 11's safe harbor provisions.
Nonetheless, it is appropriate to consider whether there was any
deficiency in this regard.  Cf. Hadges, 48 F.3d at 1323-25,
1328.

     The Phillips Defendants have satisfied Rule 11(c)'s
procedural requirements.  They served the plaintiff and
plaintiff's counsel with their motion on June 27 and again on

15

July 31.  The service of notice on July 31, after the amended complaint had been filed on July 27, fulfilled the safe harbor requirements.[3]  Accordingly, the plaintiff was on notice that his amended complaint, and not merely his original complaint, contained frivolous allegations.

The plaintiff's opposition suggests that the Phillips Defendants' motion for sanctions should be denied because the memorandum of law appears to be targeted at the original rather than the amended complaint.  The plaintiff's contention must be rejected.  Although the memorandum discusses some deficiencies that are found in the original complaint and not in the amended complaint,[4] most of the deficiencies are common to the two complaints.

Whether the Eisen Defendants' motion complied with the safe harbor requirements is a closer question.  The Eisen Defendants'

---

[3] Because the July 31 notice was served by mail, under Federal Rule of Civil Procedure 5(b)(2)(C) and 6(d), three days are added to the twenty-one day safe harbor period, rendering the August 22 filing of the motion for sanctions early by three days.  The plaintiff has not argued, however, that the motion was filed prematurely.  Since the amended complaint repleaded sanctionable claims included in the original complaint, and was filed after the Phillips Defendants had first given notice of their intent to file a Rule 11 motion almost two months earlier, the failure to wait the three additional days before filing the motion does not bar relief.

[4] The memorandum of law protests that the plaintiff's "Unfair Business Practice" cause of action is legally and factually deficient.  This cause of action appeared in the plaintiff's original, but not his amended, complaint.

served their motion for sanctions on the plaintiff on August 27
and filed it on September 17 at 3:26 p.m.  September 17 was the
twenty-first day following service of the motion.  The words of
Rule 11(c) itself indicate that the plaintiff has twenty-one
days in which to withdraw or correct the offending paper.
Fed.R.Civ.P. 11(c); cf. Ridder v. City of Springfield, 109 F.3d
288, 297 (6th Cir. 1997).  Thus, the plaintiff had until the end
of the day on September 17 to withdraw or correct his amended
complaint.[5]  Because the amended complaint was filed in hard copy
with the Clerk's office, the plaintiff had until 5:00 p.m. to
withdraw the pleading.  Fed.R.Civ.P. 6(a)(4).  The Eisen
Defendants, however, filed their motion an hour and a half early
on September 17.[6]

        In this case, however, the premature filing of the motion
for sanctions may be excused.  It is clear that the plaintiff

_____

[5] When the Federal Rules of Civil Procedure set a time period
that is stated in days, "the day of the event that triggers the
period" is excluded from computation of the time period.
Fed.R.Civ.P. 6(a)(1).  The "last day" of the time period is
defined as follows: "(A) for electronic filing, at midnight in
the court's time zone; and (B) for filing by other means, when
the clerk's office is scheduled to close.  Fed.R.Civ.P. 6(a)(4).

[6] As was true for the Phillips Defendants, the Eisen Defendants
also failed to wait the three days that were added to the safe
harbor period because their notice to the plaintiff was served
by email on August 27.  Because the plaintiff has made no
objection on this ground and because the Eisen Defendants had
first given notice to the plaintiff of their intent to file the
motion on July 9, this failure to wait another three days does
not bar this motion.

would not have withdrawn or corrected his frivolous allegations
if he had been given the benefit of a few more hours.  Cf.
Perpetual Sec., Inc., 290 F.3d at 142.  The plaintiff was first
alerted to the deficiencies in his pleading as early as July 9
when the Eisen Defendants gave the plaintiff notice of their
intent to file a Rule 11 motion.  Between July 9 and September
17, the plaintiff again received notice on July 31 that he faced
a potential Rule 11 motion.  On July 30 and August 22, the
plaintiff was confronted with Rule 11 motions and on August 27
two motions to dismiss the amended complaint were filed.
Moreover, the plaintiff's amended complaint, filed on July 27,
did not correct the deficiencies noted as early as July 9.
Indeed, in his opposition papers to the defendants' motions to
dismiss, signed by Taneja and filed on September 21, the
plaintiff reaffirmed the factual and legal contentions made in
his amended complaint.  Accordingly, it is appropriate to
consider the merits of the Eisen Defendants' motion for
sanctions as well.

Decision to Sue Certain Defendants

     Although the defendants' motions for sanctions identify
many deficiencies in the plaintiff's amended complaint, this
Opinion will address only one of them.  Both groups of
defendants contend that the plaintiff frivolously sued a number
of defendants who had no connection to the underlying factual

events that gave rise to the plaintiff's suit.  The Phillips
Defendants -- a group that consists of Phillips, Medisor and
Phillips & Phillips -- state that Phillips & Phillips is a
distinct legal entity from Derek T. Smith Law Group, P.C. and
Arce Law Group, P.C.; that the Phillips Defendants had no
involvement in sending the Settlement Letter to the plaintiff;
and indeed, that until they received the complaint in this
action they had never heard of either Watkins or Dugue.
Similarly, the Eisen Defendants argue that defendants Smith,
Morrison, Sekendiz, and Akin should not have been sued.  The
motion explains that these defendants were uninvolved in actions
underlying the plaintiff's suit, and that only defendants Eisen
and Arce knew either Dugue or Watkins.

     Sanctions will be awarded for naming five individuals and
an entity as defendants without any evidentiary support for the
claims against them.  The amended complaint contains no
allegations that name Phillips, Mesidor, Morrison, Sekendiz,
Akin or the firm Phillips & Phillips.  The amended complaint
describes misconduct by Dugue and explains that defendants
William [sic] Smith and Eisen wrongfully sent the Settlement
Letter to the plaintiff.  While the Settlement Letter is not
attached to the amended complaint, it has been presented to the
Court.  The Settlement Letter is signed by defendant Eisen of
the Derek T. Smith Law Group and was sent in a FedEx envelope

that listed Arce Law Group as the sender.  Thus, in connection
with this motion the parties have described, at best, a basis
for naming Smith (albeit a William Smith and not defendant Derek
Smith), Arce, Eisen, the Derek T. Smith Law Group, and the Arce
Law Group as defendants.

The plaintiff's opposition to the defendants' motions for
sanctions does not explain why he sued the Phillips Defendants,
Derek Smith, Morrison, Sekendiz or Akin.  It does refer to an
email exchange that mentions the website for Derek Smith Law
Group.  The website page lists Smith as a Partner, and it lists
Sekendiz, Morrison, Arce, Laurence C. Rutenberg, and Phillips as
"Of Counsel."  Taneja's email points out that the Settlement
Letter was written on the letterhead of "Derek Smith Law Group,
P.C."  He contends in the email that this website led him to
conclude that all of the defendants were part of a single law
firm.  The email adds that "any attorney listed as being part of
the Group is vicariously liable for the actions of its
employees."

To the extent the plaintiff's reference to the email
exchange is an effort to rely on the doctrine of vicarious
liability to explain why he named the five individuals and
Phillips & Phillips as defendants, it is unsuccessful.  First,
the website does not mention two of the defendants -- Mesidor
and Akin.  Second, the amended complaint did not seek to hold

any defendant liable on the basis of vicarious liability.
Rather, it repeatedly alleged that all of the defendants or
"defendant attorneys" were direct participants in the
conspiracy.  For example, it asserted:

> 30. Upon information and belief, <u>attorney defendants</u>
> instructed defendant Dugue to engage in sexual
> innuendo and flirtation with plaintiff and to request
> gifts and favors.

> 39. Upon information and belief, defendant Dugue
> returned to the <u>attorney defendants'</u> office on or
> after the next day and met with <u>all of the defendants</u>
> to review the tape she made of the plaintiff.

(Emphasis supplied.)  Third, while it may have been possible to
plead that Smith, as a listed partner of the law firm, was
vicariously liable for the actions of the Derek T. Smith Law
Group, the plaintiff has not identified any basis to plead that
attorneys listed as "Of Counsel" to the law firm were
vicariously liable.  For example, the plaintiff has not
identified any legal basis for filing suit against individuals
who are "Of Counsel" based on the acts of an employee of a law
firm.

While partners in a partnership can be held vicariously
liable for the acts of other partners and the partnership's
employees, the designation "Of Counsel" traditionally signifies
that the lawyer who is of-counsel does not have a partnership
relationship with the firm.  Model Code of Prof'l Responsibility
DR 2-102(A)(4); <u>see</u> <u>also</u> Use of Designation "Of Counsel";

Withdrawal of Formal Opinion 330 (1972) and Informal Opinions
678 (1963), 710 (1964), 1134 (1969), 1173 (1971), 1189 (1971)
and 1246 (1972), ABA Formal Op. 90-357.  A non-partner may be
held liable, however, for the acts of the partnership through
the doctrine of partnership by estoppel.  Under New York law, a
person is a "partner by estoppel" when "by words spoken or
written or by conduct, [he] represents himself, or consents to
another representing him to any one, as a partner in an existing
partnership or with one or more persons not actual partners."
N.Y. P'Ship Law § 27.  But, the doctrine of "partnership by
estoppel should not be lightly invoked."  Royal Bank and Trust
Co. v. Weintraub, Gold & Alper, 68 N.Y.2d 124, 292 (1986).
Furthermore, under the doctrine of partnership by estoppel,
liability ensues only if the injured party relies on the false
representation.  See Milano by Milano v. Freed, 64 F.3d 91, 98
(2d Cir. 1995); see also Cmty Capital Bank v. Fischer &
Yanowitz, 47 A.D.3d 667, 510 (N.Y. App. Div. 2008).  The
plaintiff has not identified any statements or conduct of the
defendants constituting representations of an existing
partnership between the "Of Counsel" defendants and the other
attorney defendants, nor has he alleged reliance on such
representations.

It is true that "a plaintiff is not required to know at the
time of pleading all facts necessary to establish the claim,"

and is permitted to make allegations based on information and
belief.  Commercial Cleaning Servs., LLC v. Colin Serv. Sys.,
Inc., 271 F.3d 374, 386 (2d Cir. 2001).  Nonetheless, "the
creativity of an attorney may not transcend the facts of a given
case."  Levine v. Fed. Deposit Ins. Corp., 2 F.3d 476, 479 (2d
Cir. 1993) (citation omitted).  Thus, in the context of a Rule
11 motion for sanctions, courts may rely on this well-
established principle: "the fact that a claim is properly
asserted against one defendant does not mean that the same claim
may properly be asserted against a different defendant."  Perez
v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004).  This is
especially true when fraudulent conduct is alleged.  When, as
here, a complaint contains allegations of fraud against multiple
defendants, the plaintiff must plead facts that describe each
defendant's involvement in the fraud.  See Mills v. Polar
Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993); DiVittorio
v. Equidyne Extractive Indus. Inc., 822 F.2d 1242, 1247 (2d Cir.
1987).  More generally, the essential purpose of Rule 8(a)'s
pleading requirements is to "give the defendant[s] fair notice
of what the claim is and the grounds upon which it rests."  Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation
omitted).  This purpose is undermined when a plaintiff utilizes
a generalized term like "defendants" to obfuscate each

defendant's role in the alleged conduct or the legal theory of liability on which he is relying.

The plaintiff does not argue that his factual allegations have evidentiary support against any of the five individual defendants or Phillips & Phillips, or that he would have been likely to discover evidentiary support for his claims against these defendants after a reasonable opportunity for further investigation.  There is no basis to find that any of the attorney defendants, other than Eisen and Arce, had any interaction with defendant Dugue.  Accordingly, the defendants have shown that they are entitled to Rule 11 sanctions for the plaintiff's refusal to remove the claims against five individuals and one entity from his amended complaint.  The Court has reviewed the other grounds for sanctions presented in the defendants' motions and the request for sanctions on those grounds is denied.

<u>Persons to Be Sanctioned</u>

Rule 11 sanctions may be imposed on "any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed.R.Civ.P. 11(c)(1).  As described above, an attorney violates Rule 11 when he presents to the court -- whether by signing, filing, submitting, or later advocating -- a pleading that is objectively unreasonable as either a legal or factual matter.

24

In this case, the submission of the amended complaint violated Rule 11(b)(3) by making factual allegations that are utterly lacking in evidentiary support.[7]  Accordingly, the Court will direct plaintiff's counsel -- Taneja and Soleil -- to pay all of the reasonable attorney's fees and expenses incurred by the Phillips Defendants in opposing the amended complaint and half of those same costs incurred by the Eisen Defendants.

While there is no evidence that Soleil has been involved in this action since signing the amended complaint in August 2012, he remains counsel of record and has had notice of these motions for the imposition of sanctions against him.  Although Taneja did not personally sign the amended complaint, he violated Rule 11 by signing and submitting memoranda of law and affirmations

_____

[7] The Phillips Defendants' Notice of Motion specifies that sanctions are being sought because the amended complaint violates Rule 11(b)(2).  The Notice of Motion does not mention that sanctions are also being sought because the amended complaint violates Rule 11(b)(3).  The accompanying memorandum of law, however, makes clear that the Phillips Defendants are challenging their inclusion in the suit on both a factual and legal basis.  Furthermore, the deficiencies in the plaintiff's amended complaint can be properly described as both factual and legal deficiencies.  To the extent the amended complaint is read as alleging that each defendant directly participated in the wrongful conduct, it presented factual allegations that are utterly lacking in evidentiary support.  Naturally, if the factual predicates for the claim are unfounded the legal basis also crumbles.  Further, to the extent the amended complaint is interpreted as indicating that some defendants directly participated in the wrongful conduct and the remaining defendants were vicariously liable, the plaintiff's theory of vicarious liability is legally frivolous with respect to defendants Phillips, Mesidor, Morrison, Sekendiz, Akin, and Phillips & Phillips.

in opposition to the defendants' motions to dismiss in which he "advocated" on behalf of the allegations contained in the amended complaint.  See Fed.R.Civ.P. 11(b).

The more challenging question is whether Watkins should be sanctioned for filing a frivolous amended complaint.  Although a represented party does not personally present a pleading to the court, the client can be held responsible for the Rule 11 violation in appropriate circumstances.  The Second Circuit has offered the following guidance on when it is appropriate to sanction a represented party:

> We believe that a party represented by an attorney should not be sanctioned for papers signed by the attorney unless the party had actual knowledge that filing the paper constituted wrongful conduct, e.g., the paper made false statements or was filed for an improper purpose. . . .
>
> We believe that where a represented party either did not knowingly authorize or participate in the filing of a paper that violated Rule 11, sanctions against that party are not appropriate.  We further believe that when a party has participated in the filing of a paper signed by the attorney or has signed a paper himself but did not realize that such participation or signing was wrongful, then sanctions against the party are also not appropriate. . . .
>
> Of course, where the party does know that the filing and signing is wrongful and the attorney reasonably should know, then sanctions against both are appropriate.  Where a party misleads an attorney as to facts or the purpose of a lawsuit, but the attorney nevertheless had an objectively reasonable basis to sign the papers in question, then sanctions on the party alone are appropriate.

Calloway v. Marvel Entm't Grp., 854 F.2d 1452, 1474-75 (2d Cir. 1988), reversed in part on other grounds by Pavelic & LeFlore v. Marvel Entm't Grp., 493 U.S. 120 (1989).  Furthermore, regardless of the client's knowledge, a court may not impose a monetary sanction "against a represented party for violating Rule 11(b)(2)."  Fed.R.Civ.P. 11(c)(5)(A).

Because the amended complaint contains factual allegations that are utterly lacking in evidentiary support, monetary sanctions could be imposed on Watkins.  Nonetheless, because the record offers little indication of Watkins' participation in the decisions regarding which individuals and entities would be named as defendants, monetary sanctions will not be imposed on Watkins.

CONCLUSION

For the reasons stated above, the defendants' August 22 and September 17 motions for sanctions are granted with respect to the plaintiff's attorneys.

SO ORDERED:

Dated:    New York, New York
          February 22, 2013

_____
                    DENISE COTE
          United States District Judge

27