```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
KEVIN WATKINS,                          :
                         Plaintiff,     :
                                        :     12 Civ. 4635 (DLC)
             -v-                        :
                                        :     OPINION AND ORDER
DEREK SMITH; ADRIANE EISEN; BRYAN S.    :
ARCE; WILLIAM K. PHILLIPS; ISMAIL S.    :
SEKENDIZ; LAURIE E. MORRISON; ZAFER A.  :
AKIN; MARJORIE MESIDOR; DEREK T. SMITH  :
LAW GROUP, P.C.; ARCE LAW GROUP, PC;    :
PHILLIPS & PHILLIPS; and JESSICA DUGUE, :
                         Defendants.    :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Anil Taneja, Esq.
244 5th Avenue, 2nd Floor
New York, New York 10001

Andre Ramon Soleil
Soleil & Co., P.C.
32 Court Street
Brooklyn, New York 11201

For "Eisen" Defendants:
Bryan S. Arce, Esq.
30 Broad Street, 35th Floor
New York, New York 10004

For "Phillips" Defendants:
Jesse C. Rose
The White Rose Group, LLC
8612 37th Avenue, 2nd Floor
Jackson Heights, New York 11372

DENISE COTE, District Judge:

An Opinion and Order dated February 22, 2013 ("February 22 Opinion") granted the defendants' motions for sanctions in part and with respect to plaintiff's counsel.  In accordance with a separate order of that same day, the two groups of defendants in this case have filed applications concerning the appropriate amount of attorney's fees to be awarded.  For the following reasons, the defendants' applications are granted in part.

BACKGROUND

The Court has already issued two Opinions in this case.  An Opinion dated November 19, 2012 ("November 19 Opinion") dismissed the plaintiff's federal causes of action for failure to state a claim and declined to exercise supplemental jurisdiction over the plaintiff's state law claims.  See Watkins v. Smith, 12 Civ. 4635, 2012 WL 5868395 (S.D.N.Y. Nov. 19, 2012).  Subsequently, on February 22, 2013, the defendants' motions for sanctions were granted in part and with respect to plaintiff's counsel.  See Watkins v. Smith, 12 Civ. 4635, 2013 WL 655085 (S.D.N.Y. Feb. 22, 2013).  Familiarity with the November 19 and February 22 Opinions is assumed and only the facts necessary to explain the present decision are described below.

This case was removed from state court on June 13, 2012. The plaintiff filed an amended complaint on July 27, 2012. The amended complaint asserted federal and state law claims against two groups of defendants -- the Eisen Defendants and the Phillips Defendants. The Eisen Defendants are represented in this action by attorney Bryan S. Arce ("Arce"). The Phillips Defendants are represented principally by attorney Jesse Rose ("Rose"). On August 20, because the defendants had not answered or otherwise responded to the amended complaint, the Clerk of Court executed a certificate of default. Both groups of defendants subsequently moved to vacate the default. Their motions were granted on September 4.

The defendants have repeatedly moved for sanctions against the plaintiff and his counsel in this action. The Eisen Defendants first moved for sanctions on July 30. This motion was denied without prejudice by an Order dated August 2. The Phillips Defendants then filed a motion for sanctions on August 22 ("August 22 Motion"). The Eisen Defendants renewed their motion for sanctions on September 17 ("September 17 Motion"). The plaintiff and his counsel had an opportunity to respond to these motions. One of plaintiff's attorneys -- Anil Taneja ("Taneja") -- submitted affidavits in opposition to the motions. The August 22 and September 17 Motions are discussed at length in the February 22 Opinion.

The February 22 Opinion determined that the plaintiff had frivolously named five individuals and one entity as defendants in the amended complaint.  In accordance with that determination, the Court directed plaintiff's counsel -- Taneja and Andre Soleil ("Soleil") -- to pay all of the reasonable attorney's fees and expenses incurred by the Phillips Defendants in opposing the amended complaint and half of those same costs incurred by the Eisen Defendants.  Both groups of defendants have submitted applications for attorney's fees.  Taneja filed an opposition to both applications on March 9.  No opposition was filed by Soleil.  These applications were fully submitted on March 13.

The Phillips Defendants' request for fees totals $11,950.00.[1]  This amount encompasses

(1) 32.2 hours of "Associates Work" billed at a rate of $250 per hour, which included drafting the Rule 11 "Safe Harbor" letter and six memoranda of law.

(2) 13 hours of work performed by a partner of The White Rose Group, LLC billed at a rate of $300 per hour, which included reviewing emails from plaintiff's

---

[1] The Phillips Defendants' original application for attorney's fees, filed on March 1, 2013, requested fees totaling $17,525.00.  This figure included fees accrued for work performed prior to June 27, 2012.  In their reply, the Phillips Defendants have amended their application to request compensation for fees and costs incurred after June 26, 2012.

4

>>counsel and drafting responses, preparing the motion for sanctions, reviewing the motion to dismiss, and drafting an affirmation in opposition to the plaintiff's motion for recusal.

The work described above was performed between June 27, 2012 and December 6, 2012.

The Eisen Defendants request fees totaling $6,400.  This amount constitutes half of $12,800.00, which represents the fees accrued for 41.5 hours of work performed by Arce of the Arce Law Group at a rate of $300 per hour.  This fee encompasses work performed prior to the filing of the amended complaint, as well as legal research, and review and drafting of documents occurring thereafter.  Included in the $12,800.00 is a filing fee of $350.00 for the removal of this case from New York State Civil Court.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 11(c)(4), upon motion of a party, and if "warranted for effective deterrence," a court may issue "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed.R.Civ.P. 11(c)(4).  An appropriate starting point for the determination of a reasonable fee is the calculation of the lodestar amount.  <u>See</u>

Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999)(citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). To calculate the lodestar amount, a court multiplies the "number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. A court must therefore consider (1) "what hourly rate would normally be charged in the pertinent legal community for similar cases by attorneys [with comparable] training and experience" and (2) "how many hours were reasonably required for the prosecution of [the] claims." Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 99 (2d Cir. 1997). A court may also adjust the lodestar based on a variety of factors, including the "results obtained." Quaratino, 166 F.3d at 425. The person on whom sanctions are to be imposed must be given a chance to object to an application for attorney's fees, but "[a] request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at 437.

As described at greater length in the February 22 Opinion, the plaintiff filed an amended complaint that frivolously named five individuals and an entity as defendants. The amended complaint asserted serious allegations against these defendants without any evidentiary support. In light of the nature of the Rule 11 violation, the Court finds that an award of attorney's fees is necessary to deter plaintiff's counsel from filing frivolous complaints in the future. The Court also finds that

the rates charged by defense counsel of $300 and $250 per hour are reasonable and well within the range of attorney's fees awarded by courts in this district to attorneys working in this practice area.

Taneja does not object to the rates charged by defense counsel.  He also makes no argument that he is unable to pay the amounts requested by the defendants.  Instead, Taneja raises eight other objections to the defendants' applications for attorney's fees and costs.  Taneja's objections can be summarized as follows: 1) the defendants should not be compensated for fees or expenses incurred prior to July 27, 2012, when the amended complaint was filed; 2) the August 22 Motion for sanctions filed by the Phillips Defendants is void because it was filed after the Clerk of Court executed a certificate of default and before the Court issued an Order vacating the default;[2] 3) any fees or expenses incurred during the defendants' period of "default" cannot be compensated; 4) the Eisen Defendants cannot recover the fees incurred by attorney Arce prior to July 31, 2012, when Arce filed his notice of appearance; 5) because Soleil offered to stipulate to discontinue the action against the Phillips Defendants on August

---

[2] Taneja also argues that the Eisen Defendants' motion of August 27 is void for the same reason.  The Eisen Defendants' August 27 motion was not a motion for sanctions, but a motion to dismiss the amended complaint.

6, 2012, the Phillips Defendants should not recover fees or expenses incurred after that date; 6) the Phillips Defendants are not entitled to fees for work performed by an unnamed associate; 7) counsel for the defendants spent unreasonable amounts of time on simple research tasks and their research failed to advance the litigation; and 8) the Phillips Defendants failed to satisfy Rule 11's Safe Harbor requirements because their motion for sanctions was based on the original complaint rather than the amended complaint.  Only one of Taneja's objections has merit.

Taneja first argues that any fees or expenses incurred prior to July 27, 2012 -- the date the amended complaint was filed -- are outside the scope sanctions imposed by the February 22 Opinion.  Taneja is correct.  The February 22 Opinion directed "plaintiff's counsel -- Taneja and Soleil -- to pay all of the reasonable attorney's fees and expenses incurred by the Phillips Defendants in opposing the amended complaint and half of those same costs incurred by the Eisen Defendants."  Accordingly, the Court will limit the sanctions plaintiff's counsel must pay to those fees and expenses incurred on July 27, 2012 and thereafter.

Taneja's next two objections are meritless.  On August 20, 2012, the Clerk of Court executed a certificate of default.  Both groups of defendants promptly moved to vacate the default

8

on August 21 and August 23.  In their motions the defendants alleged that the plaintiff had not delivered the amended complaint to the correct addresses for the defendants.  As the Court explained at a conference held on December 6, 2012, litigation in court should be resolved, if at all possible, on the merits and not through an improvident entry of a default judgment.  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).  In light of this fundamental principle, the Court issued an order vacating the defendants' default on September 4, 2012.  Accordingly, there is no basis to find either that the Phillips Defendants' August 22 Motion is void or that the defendants should not be compensated for work performed during the brief period when the docket sheet recorded a default.

Taneja's fourth objection is no longer relevant but is, in any event, unfounded.  As mentioned, attorney Arce filed a notice of appearance on July 31, 2012.  Taneja argues that the Eisen Defendants cannot be compensated for work performed by Arce prior to the filing of his notice of appearance.  Because the sanctions award is limited to those fees and expenses incurred on July 31 or thereafter, Taneja's objection is moot.[3]  It is worth noting, however, that Taneja cites no authority for the proposition that an attorney cannot be compensated for work

---

[3] Arce's time records do not reflect any work performed or expenses incurred between July 27 and July 30.

9

performed prior to the filing of a notice of appearance and the Court has found none.  See <u>Case v. Unified School Dist. No. 233</u>, 157 F.3d 1243, 1251-52 (10th Cir. 1998); <u>Augustine v. Dep't of Veterans Affairs</u>, 503 F.3d 1362, 1365-66 (Fed. Cir. 2007).

Taneja's next objection is concerning.  Taneja argues that because Soleil -- co-counsel for the plaintiff -- offered to stipulate to the dismissal of this action against the Phillips Defendants on August 6, 2012, all fees or expenses incurred thereafter should be excluded from the sanctions amount.  In making this argument, Taneja has chosen to omit material information.  While it is true that Soleil did agree to stipulate to a discontinuance of the action, Taneja omits to mention that the parties' discussions did not end here.  On August 9, Rose wrote an email to Soleil, on which Taneja was copied:

> Mr Soleil:
>
> Let me know if you intend to dismiss my clients.  If the stipulation of dismissal is not provided on or before 8/20 then we will file the motion for sanctions against both you and Mr. Taneja.  This complaint is completely baseless and sanctionable as to my clients and if I am required to continue this pointless exercise I will be seeking both my costs and the full gambit of sanctions available under Rule 11.

Taneja responded to Rose's email on August 10:

> Dear Mr. Rose:
>
> Mr. Soleil and I will have to discuss this with out [sic] client prior to giving you a firm answer; if we

10

> intend to discontinue the action against WKP, MM and P&P then we will affirmatively notify you by date certain. In the absence of such notification, you can construe that as our intention to continue this action as planned, and, as such, proceed in any a manner that best serves the interest of your clients.

No further communications between the parties on this subject have been submitted to the Court and no stipulation of dismissal was ever filed in this action. Accordingly, the Court finds no basis for limiting the award of attorney's fees and expenses to those incurred prior to August 6.

Taneja's next objection relates to the adequacy of the time records provided by the Phillips Defendants. The time records separate the hours of work performed into "Associates Work" and "Partner's Work." Taneja objects to any fees earned for the "Associates Work" because the associate is unidentified.[4] In response to this objection, Rose submitted an affidavit explaining that the "Associates Work" was performed entirely by Jeffrey Rosenberg, an attorney who is "Of Counsel" in Rose's office. Accordingly, there is no basis to deny fees for the work described as "Associates Work" in defense counsel's time records.

Next, Taneja raises a general objection that defense counsel spent unreasonable amounts of time on simple research

---

[4] Although the "Partner" is also unidentified in the time records, Taneja surmises in his affidavit that the Partner is Rose and raises no objection on this ground.

11

tasks and their research failed to advance the litigation. Taneja points to only one example, however, of defense counsel's unreasonably lengthy research.  In particular, Taneja points out that Arce spent one hour performing legal research regarding Civil Court Jurisdiction on June 5, 2012.  As described above, defense counsel are only entitled to fees and expenses incurred on July 27, 2012 and thereafter.  Accordingly, Taneja's specific objection is moot.  Moreover, the Court has independently reviewed defense counsel's time records and has found no instances in which defense counsel billed unusually or unnecessarily long hours for any legal work.  Equally unfounded is Taneja's contention that defense counsel's legal work failed to advance the litigation and should not be compensated.[5]

Finally, Taneja raises a variation of an argument he raised in his opposition to the motions for sanctions.  In his opposition to the motion for sanctions filed by the Phillips Defendants, Taneja argued that the motion for sanctions and supporting papers were directed at the original complaint rather than the amended complaint.  This objection was addressed in the February 22 Opinion.  In particular, the February 22 Opinion

---

[5] In his opposition, Taneja alleges that "[o]nly this Court's ex parte advocacy for the defendants vacated the defaults on an ex parte basis without explanation of the legal basis and without a finding of excusable neglect. . . . The defendants 'research' in no way progressed their cause, and but for the Court's helping unexplained ruling, would have failed miserably."

concluded that "[a]though the memorandum discusses some deficiencies that are found in the original complaint and not in the amended complaint, most of the deficiencies are common to both complaints."  <u>Watkins v. Smith</u>, 12 Civ. 4625, 2013 WL 655085, *7 (S.D.N.Y. Feb. 22 2013).  The Opinion also concluded that since plaintiff's counsel had been re-served with notice of the motion after the filing of the amended complaint, the Phillips Defendants had satisfied Rule 11's Safe Harbor requirements.  In his opposition to the applications for attorney's fees, Taneja now argues that the Safe Harbor notice served on July 31 could not have been directed at the amended complaint because, although the amended complaint was filed on July 27, the Phillips Defendants did not receive a copy until August 6.  Whatever the merits of this argument may be, Taneja is not entitled to raise this argument as an objection to the Phillips Defendants' application for attorney's fees.  The plaintiff and his counsel had an opportunity to respond the motions for sanctions and failed to raise this objection in their opposition.  The purpose of the attorney's fees applications is to determine the appropriate amount of the sanctions award, not to relitigate the merits of the defendants' motions for sanctions.

In light of the forgoing, the following sanctions are appropriate.  The Eisen Defendants are entitled to $4,665.00,

which represents half of the fees for 31.1 hours of work performed by Arce at a rate of $300 per hour between July 31, 2012 and February 28, 2013.  The Phillips Defendants are entitled to $10,325, which represents all of the fees for 28.4 and 10.75 hours of work performed by two attorneys for the Phillips Defendants at rates of $250 and $300 per hour, respectively, between July 30, 2012 and December 6, 2012.

CONCLUSION

For the reasons set forth above, sanctions are imposed jointly and severally on plaintiffs' counsel in the amount of $14,990.  Of this amount, $4,665 shall be paid to the Eisen Defendants and $10,325 shall be paid to the Phillips Defendants. The Clerk of Court shall enter judgment accordingly and close the case.

SO ORDERED:

Dated:   New York, New York
         May 10, 2013

*Denise Cote*
DENISE COTE
United States District Judge