UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X     12 CIV 4635 (DLC)
Kevin Watkins,

                              Plaintiff,

      -against-

Derek Smith, et al.

                            Defendants.
-------------------------------------------------------------------------X


**OBJECTION TO EISEN DEFENDANTS' FEE AND COSTS APPLICATION**

    Anil Taneja, Esq., attorney for plaintiff, hereby affirms the following under the pains and penalties of perjury:

    The plaintiff hereby objects to the fee request of MR. KAUPP for the following reasons:

**<u>Defendant's Fee Records are Too Vague and Not Contemporaneous</u>**

    MR. KAUPP presents a one page "Hours Log" of the 70.9 hours he claims to have spent defending the within appeal (MR. KAUPP declaration paragraph 20, and exhibit A) showing billing increments of from 1 hour to 10.2 hours. There is clearly no contemporaneous 6 minute (nor even15 minute) log of the work allegedly done by MR. KAUPP.

    A fee application must be supported by contemporaneous time records which describe with specificity the work done (<u>New York State Ass'n for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136 (C.A.2 (N.Y.), 1983). It is the burden of the attorney seeking fees to provide them in the first instance. Failure to do so is reason for the Court to deny fees altogether:

> "We recognize that other courts have held that affidavits summarizing time logs are acceptable, and that opposing counsel must move for their production if an inspection of contemporaneous time records is desired. See Copeland v. Marshall, 641 F.2d 880, 905 (D.C.Cir.1980) (en banc). But <u>Carey</u> places the burden of producing these records on the attorney submitting the fee request. See 711 F.2d at 1148,

> 1154. Beyond this, the records' importance is so critical in determining a reasonable fee as to make their production by the most efficient method possible a prerequisite. Opposing counsel should not have to make a preclusion motion. Thus, the district court properly refused to award fees for time spent preparing the fee application."
>
> - <u>Lewis v. Coughlin</u>, 801 F.2d 570 (C.A.2 (N.Y.), 1986)

In the motion at bar, MR. KAUPP has failed to provide his contemporaneous logs altogether and should be denied and all fees as a result:

> "[A]fter <u>Carey</u> there are few examples of this court permitting a district court to award fees in the absence of full contemporaneous records. Where we have allowed for such a recovery, counsel has always maintained at least some contemporaneous records. See Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir.1986) (affirming award of partial fees where contemporaneous records were maintained but not produced); Carrero v. N.Y.C. Hous. Auth., 685 F.Supp. 904, 908-09 (S.D.N.Y.1988), aff'd in relevant part 890 F.2d 569, 582 (2d Cir.1989) (same); Nu-Life Constr. Corp. v. Bd. of Educ. of the City of New York, 795 F.Supp. 602, 606 (E.D.N.Y.1992) (allowing fees for hours supported by contemporaneous records, but denying recovery for unsupported hours), aff'd in relevant part sub nom. Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1343 (2d Cir.1994).
> - <u>Scott v. City of N.Y.</u>, 626 F.3d 130 (2nd Cir., 2010)

In addition to not being contemporaneous, MR. KAUPP's records are also vague. "The Supreme Court has found that "counsel, of course, is not required to record in great detail how each minute of his or her time was expended, but at least counsel should identify the general subject matter of his or her time expenditures." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, n. 12. The time records contain many vague phrases, most notably almost the entire record[...]Given the interrelationship of issues and parties in complex litigation, ambiguity defeats the capacity to determine proper fee allocation." <u>Ragin v. Harry Macklowe Real Estate Co.</u>, 870 F.Supp. 510 (S.D.N.Y., 1994). "[S]pecificity has not been met [...] where the entry reads simply "research for brief," "research and draft brief," and "draft and edit brief." <u>Orshan v. Macchiarola</u>, 629 F.Supp. 1014, 1019 (E.D.N.Y.1986) (fees disallowed for time supported only by such vagaries as "prepare correspondence" and "review correspondence.")." <u>Ragin</u>, at 520.

MR. KAUPP's "Hours Log" provides the following descriptions: "Legal Research", "Drafting Motion to correct appendix", "Drafting answering brief", "Compiling supplemental appendix", "preparing for oral argument" (Exhibit A). ("[T]he lack of specificity with respect to numerous time entries also warrants a deduction in the fees requested. Such entries include items that merely state "conferring with plaintiffs attorney," "reviewing status report," "conferring with court," "reviewing pretrial issues," "preparing for trial," and other similar phrases. Entries of this nature fail to meet the requisite specificity mandated by the courts of this Circuit. See Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172 (2d Cir.1998) (holding that attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done")." Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC, 549 F. Supp.2d 274 (E.D.N.Y., 2008)).

Additionally, MR. KAUPP's use of hour long and multi-hour long billing units prevents this Court from providing meaningful review. In the Second Circuit billing increments larger than six minutes are controversial, and even 15 minute increments are subject to reduction. Time recorded using an hour long or a half-hour long billing increment should be completely rejected. "One district court recently noted that lower courts within the Second Circuit are in conflict as to whether there should be "a prohibition on billing in increments larger than six minutes," but nonetheless decided that a reduction in fees for such billing practices was not warranted. United States v. Sixty–One Thousand Nine Hundred Dollars and No Cents, 856 F.Supp.2d 484, 490–91 (E.D.N.Y.2012) (noting that lawyers from small firms often record their time in quarter hour increments and that billing in quarter hour increments is no more likely to result in over-billing than billing in six minute increments)[...] [A] district court exercised its discretion to reduce a fee award where excessive billing resulted from counsel recording time in fifteen minute increments. See, e.g., Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC, No. 05–CV–6757, 2009 WL 466136, at *4 (S.D.N.Y. Feb. 25, 2009) (noting that recording time in quarter hour increments "has repeatedly been found improper and justifies some further conservatism in calculating the amount of compensable time"); Spalluto v. Trump Int'l Hotel & Tower, No. 04–CV–7497, 2008 WL 4525372, at *10 (S.D.N.Y. Oct. 2, 2008) (noting that billing in one quarter hour increments "compounded" the court's inability to assess the reasonableness of hours billed); Destefano v. Astrue, No. 05–CV–3534, 2008 WL 623197, at *3 n. 5 (E.D.N.Y. Mar. 4, 2008) ("Although fifteen-minute increments are not unreasonable per se, [counsel's] time sheets are necessarily less

3

precise than they could be, and may be reduced on that basis." (citation omitted)), adopted by2008 WL 2039471 (E.D.N.Y. May 9, 2008)." (G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist., 894 F.Supp.2d 415 (S.D.N.Y., 2012)).

Exhibit A purports to be a contemporaneous log of 6 minute increments but woefully fails to be either contemporaneous or even a log. It is a chart purporting to show hours spent, but in no way details either the actual time of any 6 minute increment or that any actual work was being performed during that time. A review of Exhibit A defies all logic or belief. We are expected to believe that on November 21, 2013, Mr. Kaupp toiled 9.8 hours (with no starting time or ending time) without taking a meal, coffee, or bathroom break, or even a phone call or conference with his new employers. And again 7.3 hours on November 22, 2013, and 10.2 hours on November 23, 2013. All without any bathroom, meal, or coffee breaks for an appeal that is frivolous and "barren of citation."

Even more disturbing, this chart purporting to be contemporaneous goes on to list "Greg's Hours" under Mr. Kaupp's hours. Billing and tracking the legal assistant's hours in the same category as his. Other than the notation "Greg's Hours" there is no way to differentiate the non-attorney hours from the attorney hours. In fact if believed, given the huge vaguely-described chunks of uninterrupted time claimed in Exhibit A, it appears likely that non-attorney and attorney hours were billed jointly.

Lastly, MR. KAUPP seeks to charge for the time he spends seeking to recover fees in this action, but in the Second Circuit "the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves." <u>F.H. Krear & Co. v. Nineteen Named Trustees</u>, 810 F.2d 1250 (C.A.2 (N.Y.), 1987).

<u>Hourly Rate Requested is Too High</u>

MR. KAUPP now works for the defendant-appellee firm Arce Law Group which is a firm that practices employment law in the Circuit. The lower courts have found that a fee of $250 per hour is reasonable for an experienced civil rights and employment attorney (<u>Wong v. Hunda Glass Corp.</u>, No. 09 Civ. 4402(RLE), 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) ("[T]he

4

range of fees in this District for civil rights and employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour."; "Having considered all of the Arbor Hill factors, the Court finds that a rate of $250 per hour is more than reasonable." (Petrisch v. Chase, 789 F.Supp.2d 437 (S.D.N.Y., 2011)).

Moreover, without explanation or support Mr. Kaupp states that his attorney's fees should be raised 5% per year despite the fact that the country suffered through the greatest financial crisis since the Great Depression. In fact, the market for attorney's fees has diminished considerably for even the most prestigious and competent law firms:

> "Clients are putting increasing pressure on law firms to cut costs in the wake of recession, asking for deep discounts or demanding fixed fees for big cases or transactions, rather than per-hour rates. Many are refusing to pay for work done by a firm's youngest lawyers, who are often viewed as inefficient and overpriced. Firms that don't yield to the clients' demands are finding themselves with less work and lower productivity." Law-Firm Slowdown Fuels Cuts at Weil Gotshal, Wall Street Journal 6/25/2013.

Many clients are refusing to pay inflated legal bills and are challenging the common practices of churning and featherbedding. Even the world's largest law firm, DLA Piper has been called to task for churning and overbilling (Suit Offers a Peek at the Practice of Inflating a Legal Bill, New York Times 3/25/2013).

Mr. Kaupp has claimed that he has experience in civil rights and discrimination cases. However, the case at bar has no such causes of action. It is abundantly clear from his motion papers that Mr. Kaupp has no experience whatsoever in the area of RICO, antitrust, libel, tortuous interference, or related appellate work. In fact his alleged-experience comprises only the hours alleged in this case- which even assuming his "log" was accurate clearly shows less than 30 hours research and drafting.

For a lawyer with no experience in the jurisdiction or in the area of law to claim a 5% raise each year in a climate where the legal profession's top lawyers are lowering their bills and retrenching is absurd.

Attorney fees in 9th Circuit

MR. KAUPP's fee in 9th Circuit was $225 per hour.[1] Yet he requests more here in a locale where he has very little experience. In fact, he was not even admitted at the time he claims to have begun working on the defendant-appellees' brief. In fact, given that he was not admitted to practice before the Second Circuit until after November 26, 2013, he should be denied any "attorneys fees" for all work claimed before that date.[2] As he was not admitted at best he should be billed at a legal assistant rate.

Attorney Experience Overstated

Mr. Kaupp has presented a list of cases in this Circuit's that start late last year. These cases are all pending and if anything show his lack of experience in the Second Circuit jurisdiction. Moreover, Mr. Kaupp has been unable to even file a proper motion until April 17, 2014 weeks after the Summary Order was issued. His motion regarding the supplemental appendix was improperly filed (circuit document 129) and his motion for attorneys fees was likewise improperly filed document (exhibit B). In both cases Mr. Kaupp failed to file the motion information form t-1080 that has been in use in this Circuit for decades and is required by Second Circuit Local Rule (LR) 27.

MR. KAUPP claims extensive experience in 9th Circuit practice and yet failed to make his Federal Rules of Appellate Procedure (FRAP) 38 motion for sanctions in a separate motion as required by the rule in its single line: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

Additionally, Mr. Kaupp's appendix motion requested materials specifically excluded under FRAP 30(a)(2) "Memoranda of law in the district court should not be included in the

---

[1] This was not charged by him nor awarded by a court. It was merely a settlement with another party that, for all we know, was taken out of his client's damages.
[2] This is particularly true given the fact that a client would not have been able to retain him for this work pre-admission and therefore his Second Circuit market rate prior to November 26, 2013 was effectively zero dollars per hour.

6

appendix unless they have independent relevance." His motion requested the inclusion of the following memoranda of law referenced by the following District Court docket numbers: 6, 11, 16, 26, 30, 34, 37, 47, 48, 54, 58, 62, and 79. The Circuit Court denied his motion (exhibit C). To this day he still is ignorant of the fact that the defendant-appellees' supplemental appendix improperly included the above listed legal memoranda as evinced by his motion papers herein.

Both FRAP rules are, and have been, in effect in the Ninth Circuit and tend to suggest that MR. KAUPP has overstated his appellate experience, or alternatively, that his appellate abilities are extremely lacking. He has also presented this here, again asking for costs for the inclusion of the specifically barred memoranda of law in his supplemental appendix. Despite the December 9, 2013, Circuit Court order stating that he could not seeks any costs for his improper inclusion of forbidden material (exhibit C).

### No Actual Negotiated Client Rate

No actual client would negotiate a high rate, well above that of most attorneys in this Circuit, with an attorney who is unfamiliar with the FRAP and Local Rules and who had only practiced in this Circuit for less than one week and who wasn't even admitted at the time the appellate brief was filed and who couldn't even sign the brief. MR. KAUPP's experience and marketability is more akin to a first year associate- brand new and unfamiliar with the actual workings of this jurisdiction's rules.

### The Number of Hours Requested are Unreasonable

Mr. Kaupp on one hand states that the plaintiff-appellant's brief and arguments were facially frivolous, but then on the other hand claims that he needed 3 days and 8.2 hours preparation for the ***oral argument*** alone. This leads to only three plausible explanations: (1) the plaintiff-appellant's arguments were not frivolous at all; (2) Mr. Kaupp is so unskilled at appellant advocacy that it would require him 8.2 hours to orally rebut facially frivolous

7

arguments; or (3) Mr. Kaupp has unnecessarily padded his bill with unnecessary and unexplained hours.

Mr. Kaupp has affirmed that he started working on the defendant-appellants' brief on November 16, 2013, a mere 10 days before it was due to be filed. The brief is signed by Mr. Arce and appears to follow the exact same formatting and logic of the memorandum of law filed by Mr. Arce on November 26, 2013 (document 128) and on all memoranda filed by Mr. Arce in the district court. Notably each matter filed by Mr. Arce included extensive use of bold highlighting and many excerpts from a "tape recording" presented as if they were actual transcripts. Documents actually signed by Mr. Kaupp do not display these characteristics.

<u>The request for Costs is Frivolous</u>

The remand order dated August 7, 2014 did not refer the issue of costs to this Court. ("Pursuant to our April 1, 2014 order, the Arcé Defendants-Appellants have moved for attorneys' fees. Plaintiffs-Appellants Watkins and Taneja have challenged the request for attorneys' fees on multiple grounds. Upon due consideration, the matter is REMANDED to the district court for a determination of reasonable attorneys' fees...")

The defendant-appellees withdrew their claim of costs in the Circuit Court (exhibit D, page 14).

In addition, the Summary Order appended instructions for defendant-appellees to follow to be awarded costs. The defendant-appellees filed a Bill of Costs in the Second Circuit, but they didn't comply with the Circuit Court's rules as shown in plaintiff-appellant's objections which are incorporated herein (exhibit E). They failed to file the required printing receipts. In this Court, they have failed to even file the Bill of Costs itself. The December 9, 2013, order of the Circuit Court bars him from seeking costs for including memoranda of law barred by FRAP 30 (exhibit C). The supplemental appendix filed by Mr. Kaupp included documents already produced in the appendix and materials specifically excluded under FRAP 30(a)(2) "Memoranda of law in the district court should not be included in the appendix unless they have independent relevance." The supplemental appendix included the following memoranda of law referenced by

the following District Court docket numbers: 6, 11, 16, 26, 30, 34, 37, 47, 48, 54, 58, 62, and 79. Therefore, all pages of the supplemental appendix was non-taxable as each page was either duplicative or contained specifically barred memoranda filed in the district court.

### General Objection Due to Claim of Frivolousness

Finally, while plaintiff-appellant objects to the characterization and finding that his brief was frivolous, MR. KAUPP argued forcefully that it was. In addition the Summary Order awarded him fees on that basis and noted of plaintiff-appellant's brief that "[t]hey are nearly barren of citations and devoid of any relevant authority." (Summary Order 4/1/2014 p. 4). Therefore, it is facially unreasonable for MR. KAUPP to claim 70.9 hours of research and drafting to oppose the plaintiff-appellant's brief when they are "barren of citations".

**WHEREFORE**, for the reasons above and the reasons herein, Petitioner respectfully requests that this Court deny MR. KAUPP's fee request for failing to provide contemporaneous logs, vagueness, unreasonableness,
, and for such other and further relief as the court may deem proper.

Dated: September 12, 2014

_____/s/_____
Anil Taneja, Esq., M.B.A. (AT-1760)
Attorney for Petitioner
244 5th Avenue 2nd Floor
New York, NY 10001
(646) 335-3256