UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
KEVIN WATKINS,                          :
                                        :
                      Plaintiff,        :      12cv4635 (DLC)
                                        :
            -v-                         :      OPINION AND
                                        :      ORDER
DEREK SMITH; ADRIANE EISEN; BRYAN S.    :
ARCÉ; WILLIAM K. PHILLIPS; ISMAIL S.    :
SEKENDIZ; LAURIE E. MORRISON; ZAFER A.  :
AKIN; MARJORIE MESIDOR; DEREK T. SMITH  :
LAW GROUP, P.C.; ARCÉ LAW GROUP, PC;    :
PHILLIPS & PHILLIPS; and JESSICA DUGUE, :
                                        :
                      Defendants.       :
----------------------------------------X

Appearances:

For Plaintiff:
Anil Taneja, Esq.
244 5th Avenue, 2nd Floor
New York, New York 10001

For Arcé Defendants:
Bryan S. Arcé, Esq.
W. Gordon Kaupp
Arcé Law Group
30 Broad Street, 35th Floor
New York, New York 10004


DENISE COTE, District Judge:

     Plaintiff Kevin Watkins ("Watkins") represents claimants

with discrimination claims.  He sued the defendants in 2012,

claiming principally that the defendants had used unfair tactics

against his business.  This Court dismissed the lawsuit and

granted the defendants' applications for sanctions against the

plaintiff's attorneys Anil Taneja ("Taneja") and Andre Ramon
Soleil.  Watkins and Taneja appealed and on April 1, 2014, the
Court of Appeals for the Second Circuit summarily dismissed the
appeal and awarded sanctions jointly and severally against the
plaintiff and Taneja in the amount of the attorneys' fees and
costs incurred by the defendants represented by Bryan S. Arcé
("Arcé Defendants")[1] in litigating the appeal.  On August 7, the
Second Circuit remanded to this Court the determination of
reasonable attorneys' fees to compensate the Arcé Defendants for
work performed in litigating the appeal.  In accordance with the
August 7 remand, the Arcé Defendants are awarded $10,000 in
fees.

## BACKGROUND

This lawsuit was removed from state court on June 13, 2012.
The Court issued three Opinions in this case, familiarity with
which is assumed.  See Watkins v. Smith, 12cv4635 (DLC), 2012 WL
5868395 (S.D.N.Y. Nov. 19, 2012); 2013 WL 655085 (S.D.N.Y. Feb.
22, 2013); 2013 WL 1935329 (S.D.N.Y. May 10, 2013).  In the last
of these Opinions, the Court awarded defendants $14,990 in
attorneys' fees against Taneja and Soleil as sanctions.  2013 WL
1935379, at *6.  In calculating the award, the Court adopted an
hourly rate of $250 for an associate and $300 for other counsel.

---

[1] Previous opinions by this Court referred to these defendants as
the Eisen Defendants.

2

Id. at *2.  These were the rates requested by defense counsel.
Plaintiff's counsel did not object to these rates.  Id.

Following the remand from the Court of Appeals, the Arcé
Defendants submitted the instant application for attorneys'
fees.  The application was accompanied by an affidavit and time
log from the attorney who handled the appeal, W. Gordon Kaupp
("Kaupp"), although his name did not appear on the brief.  Kaupp
is a litigator with ten years' experience, primarily in the
field of civil rights.  For four years, he worked for a solo
practitioner, bringing Section 1983 cases and representing
criminal defendants and prisoners.  Kaupp spent one year as a
contract attorney for a law firm engaged in employment
litigation.  For three years, Kaupp worked as an associate at
two other law practices.  All of the firms and attorneys with
whom he has previously worked were located in California.

Kaupp's time log includes three columns: Date, Task, and
Hours.  The "Date" column lists only the day on which work was
performed, and does not include the time of day.  The "Task"
column includes a short description of the work performed.  The
"Hours" column includes a single number for each day, and is
rounded to the tenth of an hour.  One entry in the log is
specifically described as having been performed by a paralegal,
and is excluded from the final calculation of attorney time.  In

3

his declaration, Kaupp stated that he "kept contemporaneous notes of all the hours recorded" in the time log.

Watkins and Taneja objected to the fee application on several grounds, including the absence of contemporaneous time records.  In its reply, the Arcé Defendants did not directly respond to this objection except to incorporate by reference its reply brief at the appellate level.  In that reply, the Arcé Defendants stated that the time log "contains counsel's contemporaneous time records" and that the objection was based on "mere speculation."  The Arcé Defendants did not supply any additional information regarding Kaupp's time keeping practices.

On January 13, the Court issued an order directing Kaupp to produce contemporaneous time records.  Kaupp filed a second declaration on January 23, clarifying that he kept an hours log on his desk in which he wrote the case name, nature of the work performed, and the start and end times of the work.  When a task was completed, Kaupp added together the total time, rounded to the tenth of an hour.  These figures were then copied into the time log that was submitted in connection with this application. The contemporaneously-recorded handwritten notes have since been discarded.

The request for fees and costs totals $33,515.93.  This amount encompasses:

(1) 70.9 hours[2] of attorney time, billed at a rate of $450
    per hour, which includes drafting the motion to correct
    the appendix, drafting the answering brief, drafting the
    attorneys' fee motion, preparing for oral argument, and
    attendance at oral argument;

(2) 5.6 hours of work performed by a paralegal, billed at a
    rate of $150 per hour, which included drafting the tables
    for the brief and reformatting; and

(3) $770.93 in costs, including the costs of printing the
    appendix and printing the brief.

The work described above was performed between November 16, 2013
and April 13, 2014.

## DISCUSSION

The starting point in determining an attorneys' fees award
is calculating the "lodestar" number, which is the number of
hours reasonably expended on the litigation multiplied by a
reasonable hourly rate. Stanczyk v. City of New York, 752 F.3d
273, 284 (2d Cir. 2014) (citation omitted). In determining what
constitutes a reasonable hourly rate, courts look first to the
rates commonly charged by attorneys for similar work in the
district in which the court sits. See, e.g., Simmons v. New
York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). The

[2] The 70.9 hour total is an error in addition. The hours
attributed to Kaupp in the time log add up to 69.9 hours of
attorney time.

calculation of attorneys' fees rests in the sound discretion of the district court. <u>McDaniel v. Cnty. of Schenectady</u>, 595 F.3d 411, 416 (2d Cir. 2010).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983). To aid in calculating the lodestar, the fee applicant must provide contemporaneous time records, affidavits, and other materials to support its application for the amount of reasonable hours expended. <u>McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund</u>, 450 F.3d 91, 96 (2d Cir. 2006). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." <u>Hensley</u>, 461 U.S. at 433. Fee requests should also be reduced to exclude hours that are not "reasonably expended," such as those that are excessive or redundant. <u>Id.</u> at 434 (citation omitted).

Watkin's and Taneja's objections to the fee request may be summarized as follows: (1) the $450 hourly rate for the attorney's time is excessive; (2) the fee records are inadequate because they are vague and not contemporaneous; (3) the hours billed are excessive because they are inflated and include time spent in preparing the application for attorneys' fees; and (4) costs should not be awarded. The first, second, and fourth objections have merit.

**A. Reasonable Hourly Rate**

A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 289-90 (2d Cir. 2011) (citation omitted).  The reasonable rate is ordinarily determined by "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," which may include taking "judicial notice of the rates awarded in prior cases," and consideration of the "evidence proffered by the parties." Farbotko v. Clinton Cnty., 433 F.3d 204, 209 (2d Cir. 2005). The burden is on the fee applicant to show "by satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested hourly rates are the prevailing market rates." Id. (citation omitted).

Here, Kaupp proposes an hourly rate of $450 for attorney work on this appeal.  This rate is not reasonable, and exceeds the prevailing rates for litigation of this type given the uncomplicated nature of this appeal.

In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases.  See, e.g., K.L. v. Warwick Valley Cent.

7

Sch. Dist., 12cv6313 (DLC), 2013 WL 4766339, at *7 (S.D.N.Y. Sept. 5, 2013), aff'd, 584 F. App'x 17 (2d Cir. 2014) (noting that reasonable rates for civil attorneys in small firms are around $250 to $300 per hour when cases involve straightforward issues and collecting cases); Liang Huo v. Go Sushi Go 9th Ave., 13cv6573 (KBF), 2014 WL 1413532, at *8 (S.D.N.Y. Apr. 10, 2014) (awarding fee of $350 per hour in FLSA case); Wong v. Hunda Glass Corp., 09cv4402 (RLE), 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (applying $350 hourly rate in FLSA case); New York District Council of Carpenters Pension Fund v. Perimeter Interiors, Inc., 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (awarding $300 per hour rate for associates in ERISA case).  For partners, courts generally award rates between $300 and $400 per hour and sometimes higher rates.  See, e.g., Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp., 13cv3061 (JCF), 2014 WL 2624759, at *7 (S.D.N.Y. June 10, 2014) (approving rate of $350 per hour for experienced partner and collecting cases).  Rates generally fall to the lower end of the spectrum, however, when the case presents only straightforward issues.  K.L., 2013 WL 4766339, at *7.

     The record does not indicate that a rate for attorney work that either exceeds or sits in the upper limits of the Southern District's prevailing range is appropriate in this case.  As the Second Circuit found, this was a frivolous appeal, with a brief

nearly barren of citations and devoid of any relevant authority. Watkins, 561 F. App'x at 47.  The issues presented on appeal were not novel or complex, and the work performed concerned only a discrete aspect of the case.  The rate used in a prior award of attorneys' fees in this case was $300 per hour for Bryan Arcé.  In light of Kaupp's limited experience, the nature of the appeal, the relevant market, and the prior fee award, a rate of $250 per hour is reasonable.

Kaupp's arguments in favor of the $450 proposed rate fail to establish that it is reasonable.  Kaupp supports the $450 per hour rate with reference to the rate listed in the Arcé Law Group's normal retainer agreement, the rates commonly billed by civil rights litigators with ten years of experience, rates billed by another Manhattan law firm for employment and civil rights work, and the rate a magistrate judge found appropriate for his work in an unrelated case in a different district.

While the charged rate is a strong indication of a reasonable rate, there was no "charged" rate in this case as the Arcé Law Group did not perform the work and Kaupp generally represents clients only on a contingency fee basis.  Cases cited by Kaupp in support of the $450 hourly rate discuss appropriate rates for attorneys with substantial experience in civil rights.[3]

---

[3] Moreover, the cases cited in support of a higher hourly rate range in date from 2008 to 2010.  The rate range presented by

For this same reason, the rates billed by another Manhattan law firm for employment and civil rights work fail to lend support to the proposed hourly rate.  Furthermore, a rate determined by a magistrate judge, five years ago, in an unrelated case in a different district, provides little support for the proposition that $450 per hour is a reasonable rate in this case.

## B. The Sufficiency of the Hour Records Submitted

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done."  Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (citation omitted); New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).  It is well settled in this district that reconstructions of time records may satisfy this requirement if an attorney makes contemporaneous entries as the work is completed, and the reconstruction is based on these contemporaneous records. Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 149 (2d Cir. 2014) (citation omitted); see also Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160-61 (2d Cir. 1994).  When there is a dispute as to whether records meet this

---

these cases is $300 to $400 per hour.  Based on these cases, Kaupp calculates the current prevailing market rate to be from $425 to $500 per hour by increasing the rate by 5% each year. No authority is cited to justify this methodology.

standard, the district court must determine whether or not contemporaneous records were kept.  See Marion S. Mishkin Law Office, 767 F.3d at 149 (remanding case to district court for further inquiry into fee applicant's time-keeping practices). And while records of hours spent must include some degree of specificity, vagueness concerns are particularly problematic when not all time included in the log is compensable.  See Kirsch, 148 F.3d at 173 (affirming 20% reduction for vagueness when not all claims were compensable); U.S. Football League v. Nat'l Football League, 887 F.2d 408, 415 (2d Cir. 1989) (finding that a 30% reduction was appropriate when some claims were noncompensable and time entries were vague).

Watkins and Taneja primarily argue that the records of the hours expended in litigating the appeal, submitted in support of the application, are inadequate to support the fee award because they are vague and not contemporaneous.  This argument has some merit.  The records here are adequate to justify a fee award for only forty hours of attorney time.  The records are inadequate to support the award of any paralegal time.

In his supplemental declaration, Kaupp asserts that he recorded hours spent working on the appeal contemporaneously in an hours' log that was kept on his desk.[4]  When a task was

---

[4] Kaupp's supplemental declaration only relates to his own time-keeping practices.  No declaration has been provided with regard

complete, Kaupp added up the time spent on the task.  This
number was then copied into the time log submitted with this
application.  Kaupp failed to maintain the contemporaneous
notes.  There is no dispute in this case that Kaupp did perform
work on this case, including submitting multiple appellate
briefs and arguing this case before the Court of Appeals.  The
brief submitted to the Court of Appeals thoroughly addressed the
seventeen issues raised by Watkins and Taneja on appeal.  Taken
together, the two declarations, time log, and appellate briefs
are sufficient to establish that, although Kaupp did not submit
contemporaneous time records, the time log submitted is
adequately based on such records.

    The time log is also sufficiently detailed to justify a fee
award.  As Kaupp was only involved in the appellate portion of
this case, it is clear that all the hours listed in the chart
relate to the appeal and that Kaupp was the only attorney who
performed this work.  In this context, the records are
sufficiently specific to identify the attorney, date, hours
expended, and the nature of the work done.  This is adequate to
fulfill the fee applicant's burden of providing contemporaneous
and detailed time records.

---

to the paralegal time requested as part of the fee award.  Nor
does Kaupp have direct knowledge of whether the paralegal kept
contemporaneous time records.

The failure to note the start and end times in the submitted time chart, however, indicates that the time chart is not a full transcription of the handwritten, contemporaneous notes, but a summary of these notes. Kaupp's failure to maintain the original records and provide a complete transcription, rather than a summary, of these notes prevents the Court from reviewing the records for accuracy.[5] Accordingly, an across-the-board reduction is required. Kaupp is awarded fees for 40 hours of attorney time. No award is warranted for the 5.6 hours of paralegal time as the fee applicant has failed to provide any evidence at all to indicate that these hours were recorded contemporaneously.

Watkins and Taneja raise two additional objections to the adequacy of the time records. Watkins and Taneja argue in their objection to Kaupp's second declaration that Kaupp is estopped from "raising the issue" of the discarded time records, and from "falsifying new records." There is no indication that Kaupp has falsified his records now, or at any point. No law is cited to support the contention that Kaupp is precluded from clarifying, in response to this Court's order, his time-keeping practices. While, "[j]udicial estoppel prevents a party in a legal

---

[5] The time log submitted in connection with this fee application, for example, contains a mathematical error. The Court cannot assume that there were no similar errors in the contemporaneous notes not before the Court.

proceeding from taking a position contrary to a position the
party has taken in an earlier proceeding," Simon v. Safelite
Glass Corp., 128 F.3d 68, 71 (2d Cir. 1997) (citation omitted),
there is no inconsistency between Kaupp's prior submissions and
his January 23 submission.  Kaupp has repeatedly stated that "he
kept contemporaneous notes of all the hours recorded" in the
time log.  The supplemental declaration only clarified his time
keeping practices, and the manner in which his contemporaneous
notes were transferred to the time log.

    Watkins and Taneja also object to the time records because
the hours are listed in "block" form, meaning that hours worked
per day are presented as a single number without reference to
the time of day when work was performed.[6]  Contemporaneity does
not, however, require that time records describe precisely the
time at which work was performed; it requires that the hours be
recorded at the time they were worked rather than being
reconstructed after the fact.  See Carey, 711 F.2d at 1141.  And
while some entries on the chart lack detail, Watkins and Taneja
do not argue that the time billed could relate to a non-

---

[6] Watkins and Taneja also contend that the block format is
inadequate because billing must be done in six-minute
increments.  Even assuming this is required, the time log
satisfies this burden as it is lists the hours worked to the
tenth of an hour.  The six-minute increment rule does not
require a separate entry for each six-minute period; it requires
that hours be calculated to the tenth of an hour, rather than
rounded to larger increments.  It is irrelevant whether the time
is originally recorded in decimal format.

compensable claim or was performed by a different attorney.
There is no question that Kaupp did write multiple appellate
briefs and argued this case before the Court of Appeals.  Their
objection to the lack of detail goes largely to a concern that
the number of hours billed is excessive, a concern relating to
the reasonableness of the number of hours billed rather than a
lack of specificity.  Accordingly, no further reduction is
necessary.

**C. Reasonableness of the Hours Expended**

The Arcé Defendants seek compensation for 69.9 hours of
attorney time and 5.6 hours of paralegal time for work on the
appeal.  Watkins and Taneja argue that these hours are excessive
because they are inflated, and include hours expended preparing
the fee application and prior to Kaupp's admission to the Second
Circuit.  On this basis, Watkins and Taneja seek a reduction in
the number of hours spent litigating the appeal.  This Court has
already reduced the request for attorney time from 69.9 hours to
40 hours.  No further reduction is warranted.

It is well-established that plaintiffs should receive
compensation only for hours "reasonably expended." Hensley, 461
U.S. at 433.  A court evaluating the reasonableness of the
number of hours claimed must examine the attorneys' records that
detail the time expended, and must also check those records
against the Court's "own familiarity with the case and its

experience generally." DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985). "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) (citation omitted). Whether a case was "particularly complicated" or involved any "significant" legal issues may be considered in determining the reasonable number of hours a case requires. Millea v. Metro-North R. Co., 658 F.3d 154, 167 (2d Cir. 2011) (citation omitted); see Perdue, 559 U.S. at 553 ("[The] novelty and complexity of a case . . . presumably are fully reflected in the number of billable hours recorded by counsel." (citation omitted)). District courts have "ample discretion" in assessing the "amount of work that was necessary to achieve the results in a particular case." Ortiz v. Regan, 980 F.2d 138, 141 (2d Cir. 1992) (citation omitted).

Kaupp represents that he spent a total of 62.1 hours representing the Arcé Defendants on appeal and 7.8 hours in preparing the fee application for a total of 69.9 hours.[7] Watkins and Taneja argue that this indicates that either the appeal had merit, and thus required additional time to litigate, or Kaupp inflated his hours. Spending 62.1 hours outlining,

---

[7] These numbers are incorrectly described in Kaupp's fee application and declaration as 8.8 hours and 70.9 hours, respectively.

researching, and drafting an appellate brief which addresses seventeen separate issues, as well as preparing for oral argument, is not unreasonable.  Nor is it unreasonable to request fees for the time spent drafting the fee application. See Cruz, 34 F.3d at 1160 (noting that attorneys cannot recover fees for time spent preparing a fee application when they fail to keep contemporaneous time records).  Furthermore, Watkins and Taneja have not cited any authority for the proposition that an attorney cannot be compensated for work performed prior to the filing of a notice of appearance and the Court has found none. See Case v. Unified School Dist. No. 233, 157 F.3d 1243, 1251-52 (10th Cir. 1998); Augustine v. Dep't of Veterans Affairs, 503 F.3d 1362, 1365-66 (Fed. Cir. 2007).  The fee award has already been reduced from 69.9 hours to 40 hours.  Even if a reduction was warranted because the number of hours requested was excessive, no further reduction is necessary.

**D. Costs**

Finally, Watkins and Taneja argue that the request for costs is frivolous in light of the August 7 remand which states that the case was "remanded to the district court for a determination of reasonable attorneys' fees . . . ."  This argument has merit.  While the Second Circuit "impose[d] sanctions on Taneja and Watkins jointly and severally in the amount of the Arcé Defendants' [] costs and attorneys' fees,"

the August 7 remand did not direct this Court to calculate costs.  The remand order addresses only the determination of attorneys' fees.  Accordingly, this Opinion will not address the Arcé Defendants' request for costs.

**CONCLUSION**

The Arcé Defendants are granted attorneys' fees for 40 hours of attorney work at $250 per hour, for a total of $10,000. The Clerk of Court shall enter judgment accordingly and close the case.


Dated:    New York, New York
          February 5, 2015



                                  _____
                                       DENISE COTE
                            United States District Judge